2001 WY 130

Mayor Joseph SHUMWAY and the City of Laramie, Wyoming, Appellants (Defendants),

v.

Will WORTHEY, Anne Worthey, Stephen Nielsen, Emery Brunett, Christie Lee, Hal Wedel, John McKay, Nancy Fallas, Priscilla Moree, a/k/a the Ward System Committee, Appellees (Plaintiffs).

No. 01–171.

Supreme Court of Wyoming.

Dec. 20, 2001.

Hugh B. McFadden Jr. of Corthell & King, P.C., Laramie, Representing Appellants.

Megan L. Hayes of Dwyer, Huddleston & Ray, P.C., Laramie, Representing Appellees.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

HILL, Justice.

[¶ 1] Appellants are the City of Laramie (Laramie) and its Mayor, Joe Shumway (Shumway). Appellees are members of a group of petitioners (hereafter Petitioners) who sought to alter Laramie's method of electing the members of the city council. Petitioners succeeded in obtaining the requisite number of signatures on their petition, so that in an election held on November 7, 2000, Laramie voters considered a ballot question that included three options: (1) "Shall the city councilmen be elected at large? (Current method of selection)"; (2) "Shall the city councilmen be elected by wards? (Nine wards)"; and (3) "Shall the city councilmen be elected by a combination of wards and at large as follows: Divide Laramie into seven wards, one councilman per ward, with two councilmen elected at large?" Retention of the current at large method garnered 30.78% of the vote, the nine-ward system 18.44%, and the 7/2–ward system 43.65%. Wyo. Stat. Ann. § 15–11–105(b)(iv) (LexisNexis 2001) (emphasis added) [1] requires that such a question be placed

1.
§ 15–11–105. Officers in city or town with city manager government; terms; legislative authority; method of selection; alternative method.

(a) The elective officers of a city or town adopting the city manager form of government are councilmen elected as provided by law. There shall be three (3) councilmen in cities and towns having a population of less than four thousand (4,000), seven (7) in those having a population of four thousand (4,000) or more but less than twenty thousand (20,000) and nine (9) in those having a population of twenty thousand (20,000) or more according to the last preceding United States census. The term of office of a councilman is four (4) years and until his successor is qualified. Legislative authority is vested in the council.

(b) Councilmen in a municipality adopting the city manager form of government shall be elected at large, unless a petition requesting an alternate method of selection by wards, or by a combination of wards and at large, is approved at a special election on the question by a

on the ballot in that form. Wyo. Stat. Ann. § 15–11–105(b)(v) provides: "The method approved by a plurality vote shall be proclaimed adopted by the mayor." The Mayor of Laramie[2] refused to issue such a proclamation on the theory that the statute was unconstitutional and/or that the statute had to be construed in light of other later statutes, which impliedly repealed the "plurality" provision. The Petitioners then filed a declaratory judgment action in the district court seeking an order of the district court that Shumway issue the legislatively mandated proclamation. The district court agreed with the Petitioners and ordered Shumway to issue a proclamation adopting the 7/2–ward system. Laramie and Shumway have appealed that order, which we will affirm.

## ISSUES

[¶ 2] Laramie and Shumway state these issues:

I. Wyo. Stat. Ann. § 15–11–105, as read by appellees, prescribes an unconstitutional method of deciding the outcome of a ballot proposition election because the

method violates Article I [*sic*] Section 27 of the Wyoming Constitution which requires all elections to be free and equal.

II. The 1998 change in the Election Code requires all ballot propositions to pass by a majority, impliedly repealing the inconsistent plurality language in Wyo. Stat. Ann. § 15–11–105.

III. Wyo. Stat. Ann. § 15–11–105, as read by appellees and the district court, prescribes an unconstitutional method of deciding the outcome of a ballot proposition election because the method violates the Fourteenth Amendment to the Constitution of the United States of America.

Petitioners re-articulate the issues as follows:

1. The plain and unambiguous language of W.S. § 15–11–105(b) (2000), requires the mayor of Laramie to proclaim as adopted the 7/2 ward system method for electing council members that was approved by the voters at the November 7, 2000 election.

2. The Appellant's have waived their arguments that W.S. § 15–11–105(b) (2000) allows only a single-subject petition and that W.S. § 15–11–105(b) was impliedly re-

majority vote of the electors voting on the question:

(i) Such petition shall be signed by not less than ten percent (10%) of the qualified electors registered in the municipality;

(ii) If the petition is for a combination of wards and at large, it shall state the number of wards, the number of councilmen to be elected from each ward, and the number of councilmen to be elected at large. A petition seeking ward representation or combination of wards and at large shall contain the names of petitioners to serve on the ward boundary committee;

(iii) The petition shall be filed with the city clerk, who shall determine whether the petition is legally sufficient;

**(iv) If the petition is legally sufficient, the question shall be submitted to the voters at a special municipal election and shall be in the following form:**

**1.Shall the city councilmen be elected at large:**
**Yes [ ]   No [ ]**

**2.Shall the city councilmen be elected by wards?**
**Yes [ ]   No [ ]**

**3.Shall the city councilmen be elected by a combination of wards and at large as follows:**

**(Here state the method of combination requested in the petition)**
**Yes [ ]   No [ ]**

**(v) The method approved by a plurality vote shall be proclaimed adopted by the mayor. A copy of the proclamation shall be mailed to the county clerk and the secretary of state;**

(vi) If representation by wards or a combination of wards and at large is adopted, ward boundaries shall be determined by a committee composed of the governing body and an equal number of petitioners designated in the petition, and adopted by ordinance of the governing body. The creation or elimination of wards shall take effect at the next regular municipal primary and general elections;

(vii) If an alternate method of selecting councilmen is not adopted at the special election, the question shall not be submitted to the voters within four (4) years after the election. If an alternate method of representation is adopted at the special election, the question of changing the method of representation shall not be submitted to the voters for ten (10) years after the special election.

2. The Mayor of Laramie at this point in time was David F. Williams. It was actually he who did not issue the statutory proclamation. Indeed, recognizing that over 62% of the voters voted for a change, he issued a proclamation establishing a three-ward system for Laramie (three council members per ward). Shumway became mayor early in the year 2001 and, thus, he was named as one of the defendants in this action.

pealed by a more recently enacted election code provision, because these arguments were not raised in the district court.

3. The plain language of W.S. § 15–11–105(b) (2000) authorizes petitions to include two alternative methods of selecting council members and is fully consistent with other Wyoming election code provisions.

4. The District Court's construction of W.S. § 15–11–105(b) (2000) does not violate any federal constitutional guarantees.

## FACTS

[¶ 3] The parties agreed to the essential facts. Petitioners organized an effort to alter Laramie's method of electing the members of the city council. Before their efforts began, all nine members of the city council were elected on an at large basis. Wyo. Stat. Ann. § 15–11–105(b)(i)–(iv) provides:

(b) Councilmen in a municipality adopting the city manager form of government shall be elected at large, unless a petition requesting an alternate method of selection by wards, or by a combination of wards and at large, is approved at a special election on the question by a majority vote of the electors voting on the question:

(i) Such petition shall be signed by not less than ten percent (10%) of the qualified electors registered in the municipality;

(ii) If the petition is for a combination of wards and at large, it shall state the number of wards, the number of councilmen to be elected from each ward, and the number of councilmen to be elected at large. A petition seeking ward representation or combination of wards and at large shall contain the names of petitioners to serve on the ward boundary committee;

(iii) The petition shall be filed with the city clerk, who shall determine whether the petition is legally sufficient;

(iv) If the petition is legally sufficient, the question shall be submitted to the voters at a special municipal election and shall be in the following form:

The Petitioners submitted petitions to the Albany County Clerk with the requisite number of signatures. The wording of the petition soliciting signatures of eligible Laramie voters was this:

THIS PETITION IS TO CHANGE THE METHOD OF SELECTING THE MEMBERS OF THE CITY COUNCIL OF LARAMIE, WYOMING IN ACCORDANCE WITH WYOMING STATUTE 15–11–105. CHANGING FROM THE CURRENT AT LARGE SYSTEM TO ONE OF THE FOLLOWING OPTIONS:

To divide Laramie into nine wards, one councilman per ward.

Or to divide Laramie into seven wards, one councilman per ward, with two councilmen elected at large.

[¶ 4] The Albany County Clerk ascertained that the petition was legally sufficient and directed that the question should be submitted to the voters at the November 7, 2000 General Election. At that election, the question appeared on the ballot in this form:

MUNICIPAL BALLOT PROPOSITION

Please vote on the following alternative methods of selection for city councilmen. Vote Yes on one proposition only.

1. Shall the city councilmen be elected at large? (Current method of selection)

YES

NO

2. Shall the city councilmen be elected by wards? (Nine wards)

YES

NO

3. Shall the city councilmen be elected by a combination of wards and at large as follows:

Divide Laramie into seven wards, one councilman per ward, with two councilmen elected at large?

YES

NO

[¶ 5] All parties conceded that the ballot proposition, as presented on the ballot in the form required by the statute, complicated the voting. It was necessary that the ballots be hand counted with respect to this ballot question. As noted above, 43.65% of those voting selected the 7/2–ward system; 18.44% select-

ed the nine-ward system; and 30.78% selected the at large system. In addition, 7.13% of voters selected "Yes" on more than one of the three choices, and those ballots were disqualified.

[¶ 6] The record indicates that the mayor was advised by the city attorney for Laramie that a complex statutory construction problem operated to invalidate the vote, and that Shumway should not issue a proclamation under § 15–11–105(b)(v). The mayor did not issue such a proclamation. Petitioners filed a declaratory judgment action under Wyo. Stat. Ann. §§ 1–37–102,[3] –107,[4] and –109.[5] Both parties submitted motions for summary judgment and agreed that the questions presented to the district court were purely questions of law. The district court rejected the statutory construction arguments advocated by the City of Laramie and Shumway and determined that the unambiguous language of § 15–11–105 governed the outcome of this matter.

## STANDARD OF REVIEW

### Summary Judgment

[¶ 7] The propriety of granting a motion for summary judgment depends upon the correctness of the dual finding that there is no genuine issue as to any material fact and that the prevailing party is entitled to judgment as a matter of law. *Williams Gas Processing—Wamsutter Company v. Union Pacific Resources Company*, 2001 WY 57, ¶ 11, 25 P.3d 1064, ¶ 11 (Wyo.2001); *Reed v. Miles Land and Livestock Company*, 2001 WY 16, ¶ 9, 18 P.3d 1161, ¶ 9, (Wyo.2001). In this instance, both parties agree that there are no genuine issues of material fact, and that one of the parties is entitled to judgment

3.
§ 1–37–102. **Scope and general consideration.**
Courts of record within their respective jurisdictions may declare rights, status and other legal relations whether or not further relief is or could be claimed. No proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the effect of a final judgment.

4.

as a matter of law. Our decision turns on the construction of the applicable statutes, as was the case in the district court.

## Statutory Construction

[¶ 8] Our standard of review with respect to the construction of statutes is well known. In interpreting statutes, our primary consideration is to determine the legislature's intent. All statutes must be construed in *pari materia* and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with the legislature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute in *pari materia*. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. *Wyoming Board of Outfitters and Professional Guides v. Clark*, 2001 WY 78, ¶ 12, 30 P.3d 36, ¶ 12 (Wyo.2001); *Murphy v. State Canvassing Board*, 12 P.3d 677, 679 (Wyo.2000). Moreover, we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation. *Billis v. State*, 800 P.2d 401, 413 (Wyo.1990) (citing *McGuire v. McGuire*, 608 P.2d 1278, 1283 (Wyo.1980)).

§ 1–37–107. **Enumeration not exclusive.**
The enumeration in W.S. 1–37–103 through 1–37–106 does not limit or restrict the exercise of the general powers conferred in W.S. 1–37–102 in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty.

5.

§ 1–37–109. **Review.**
Final orders and judgments entered in declaratory judgment proceedings may be reviewed as in other civil actions.

### Strict Scrutiny

[¶ 9] Appellants contend that a fundamental right, *i.e.,* the right to vote equally, is at stake here and, therefore, this Court must apply a strict scrutiny standard. Cogent argument or pertinent authority does not support this contention, and we decline to accept this as a part of our review standard in this case. *Statezny v. State,* 2001 WY 22, ¶ 11, 18 P.3d 641, ¶ 11 (Wyo.2001). Indeed, quite the opposite is true. The right to vote is fundamental, and we construe statutes that confer or extend the elective franchise liberally (as opposed to those limiting the right to vote in some way, which then invokes strict scrutiny). *Murphy,* 12 P.3d at 680 (and cases cited therein).

### DISCUSSION

### Effect of Article 1, § 27 of the Wyoming Constitution

[¶ 10] Article 1, § 27 of the Wyoming Constitution provides: "Elections shall be open, free and equal, and no power, civil or military, shall at any time interfere to prevent an untrammeled exercise of the right of suffrage." It does not appear that this precise question was presented to the district court below. However, we are content to note that we find no cogent argument or pertinent authority in the Appellants' brief to support this argument, and we will not further consider this particular aspect of it. *See Statezny,* ¶ 11.

[¶ 11] Moreover, an analysis of the statute, in the light of the conventions governing the construction of statutes, reveals that the statute at issue is unambiguous and its intended meaning readily apparent. In reaching that conclusion, it is necessary to generously employ the mandate that we not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation. When the applicable statutory construction conventions are given their full head, any suggestion that the statute at issue violates Article 1, § 27 falls by the wayside.

[¶ 12] We agree with the district court that our first effort must be directed to looking only at the statute in question. Appellants contend that the statute is internally inconsistent and, thus, we must look to other statutes outside of Title 15 to find a complete answer. Appellees contend that Wyo. Stat. Ann. § 15–11–105(b) says both that the sought after change must be passed by a majority and only a plurality. That argument denies the existence of legislative logic and reason, as well as the literal language of the statute. The statute requires that voters decide whether to elect council members at large or by "an alternative method"—that is the question that must be decided by a majority of voters. The language of the statute mandates only that a "petition" be approved by a majority vote. Appellants contend that such an interpretation treats a nine-ward system and a 7/2–system as the same thing. We disagree. The two are different methods of selecting council members. However, each constitutes an "alternative method" of selection and a vote for either signifies an approval of the petition requesting an "alternative method of selection." The plain language makes clear that the voters must choose between keeping the system they have and choosing something new. This choice must garner approval of a majority of the voters. Appellants also suggest that it is improper for the voters to choose between three alternatives, the status quo, nine-ward system, and 7/2–ward system, because § 15–11–105(b) says that the voters should choose between one or the other of the nine-ward system or the 7/2–ward system. Such a construction is strained even when reading § 15–11–105(b) in isolation, but when it is read in conjunction with § 15–11–105(b)(iv), it does not hold up.

[¶ 13] Once the petition is approved by a majority of the voters, then the selection of one of three alternatives becomes the next question, which must garner the approval of at least a plurality of voters. The statute requires that the three alternatives appear on the ballot, so it is always a possibility that only a plurality vote can be achieved. It is clear from the statutory distinction between the "majority" language required for the petition and the "plurality" language required for the method of selection that the legislature intended a different degree of acceptance between the decision for change in a

general sense, and the specific methods allowed by the statute. Therefore, the conclusion is inescapable that a "majority" of the voters approved a change, and a "plurality" of the voters chose the 7/2–ward system. This is exactly the process which is contemplated by the plain language of the statute. The statute is confusing only if one reads its various provisions in isolation (rather than in *pari materia*) and with a jaundiced eye focused on creating an ambiguity. Likewise, Appellants' contention that "one cannot cast a free and equal vote when that vote is compelled to be counted in a way one does not intend," thus violating Article 1, § 27 of the Wyoming Constitution, is incorrect because each vote cast was counted exactly as the legislature contemplated. Only those who voted "Yes" twice, contrary to the explicit directions given on the ballot, did not have their vote counted.[6]

[¶ 14] Appellants also suggest that we look at other statutes, which they contend tend to support their arguments (*e.g.*, Wyo. Stat. Ann. §§ 15–11–301 and 302, and § 22–2–117(c)) (LexisNexis 2001). Having determined that the statute is not ambiguous on its face, we need not, indeed cannot, look to other statutes in order to construct an ambiguity.

### Implied Repeal

[¶ 15] Appellants contend that the core provisions of Wyo. Stat. Ann. § 15–11–105 have been impliedly repealed by Wyo. Stat. Ann § 22–2–117(c) (LexisNexis 2001), which provides: " With the exception of constitutional amendments and statewide initiatives and referenda, all ballot propositions shall be passed if the majority of those casting ballots on that proposition vote in favor of such proposition." Although it is not clear that this issue was raised in the district court, and it is clear that the district court did not directly address it in its decision letter, nonetheless a response readily flows from the discussion we have set out above. We have held above that § 15–11–105(b) does require a majority vote for "the petition," and we see no distinction between the phrase, "ballot proposition," and the phrase,

"the petition," as it is used in that context. Moreover, when both of the statutes mentioned above were amended, in the same Bill, in 1998, the legislature did not directly repeal any part of the renumbered statute § 15–11–105. 1998 Wyo. Sess. Laws ch. 100, §§ 2 and 4. Had the legislature intended the change championed by Appellants, it readily could have made it. Finally, our longstanding rule is that repeals by implication are not favored and will not be indulged if there is any other reasonable construction. One asserting implied repeal bears the burden of demonstrating beyond question that the legislature intended that its later legislative action evinced an unequivocal purpose of affecting a repeal. Furthermore, it must be shown that the later statute is so repugnant to the earlier one that the two cannot logically stand together, or that the whole subject of the earlier statute is covered by the later one having the same object, clearly intending to prescribe the only rules applicable to the subject. *Thunderbasin Land Livestock & Investment Company v. County of Laramie County*, 5 P.3d 774, 781 (Wyo.2000). Appellants have met no part of that burden here.

### Fourteenth Amendment Violation

[¶ 16] Appellants contend that the result reached in this case by the district court and by this Court, if we affirm, operates in such a manner so as to violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. This issue was not directly or meaningfully raised in the district court, nor is it supported by cogent argument or pertinent authority in this appeal. For these reasons we will not consider it. *Statezny*, ¶ 11.

### CONCLUSION

[¶ 17] For the reasons set out above, the judgment of the district court is affirmed.

---

6. Those who voted "No" more than twice, but   "Yes" only once did have their vote counted.