Gloria M. LOHMAN, Appellant
(Plaintiff below),

v.

JEFFERSON STANDARD LIFE INSUR-
ANCE COMPANY, a Foreign Corpora-
tion, Appellee (Defendant below).

No. 4311.

Supreme Court of Wyoming.

Aug. 1, 1974.

**2**

Russell A. Hansen, White & Hansen, Riverton, for appellant.

John A. Sundahl, Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Plaintiff, a resident of New Mexico, filed a complaint in Laramie County District Court on May 17, 1973, for the recovery of double indemnity proceeds under a life insurance policy issued by defendant, a corporation whose principal place of business was North Carolina, on the life of her husband, a resident of South Dakota, who was alleged to have died in North Dakota by violent and accidental means on July 10, 1967. Since the face value of the policy had already been paid, that matter is not here in issue. Defendant filed a motion to dismiss on the ground of lack of jurisdiction over the subject matter, improper venue, and failure to state a claim upon which relief could be granted, urging that the contract was issued in Oklahoma and the premiums paid thereon in that State, that the Oklahoma law governed, and that the five-year statute of limitations there was a bar to a suit for the death occurring on July 10, 1967. The court granted the motion, dismissing the action with prejudice, the decision letter stating that the Oklahoma statute of limitations was applicable and had run, that the court did not have jurisdiction unless the plaintiff was a resident of Wyoming or the cause of action arose in Wyoming, neither of which conditions existed, and further, that there was available to the court the doctrine of forum non conveniens. Plaintiff has appealed, arguing that Wyoming provides for action by an out-of-state resident against an insurance company registered in Wyoming, even when the cause of action arises outside the State; that the trial court abused its judicial discretion in applying the doctrine of forum non conveniens under the circumstances of the case; that the South Dakota, not Oklahoma, law must be applied to control the statute-of-limitations question; and that the applicable statute of limitations, that of South Dakota, had not run.

As is disclosed by numerous discussions and annotations on the subject, one of the more recent being found at 2 L.Ed.2d 1664, many questions have been presented to courts during the past concerning the subject of jurisdiction over nonresident individuals and foreign corporations. The mentioned annotation states at 1668:

"In determining whether a foreign corporation has sufficient 'contact, ties, or relations' with the forum, the amount and kind of activities which must be carried on by the foreign corporation in the state of the forum so as to make it reasonable and just to subject the corporation to the jurisdiction of that state are to be determined in each case. * * *"

Obviously, the applicability of the first-mentioned ground of appeal should be a primary determination since interpretation of the Wyoming statutes relating to service of process is fundamental, there being no authority therefor at common law. Pue v. Northern Pac. Ry. Co., 78 Mont. 40, 252 P. 313, 314–315. Plaintiff calls attention to certain applicable statutes, first to § 26.-1–70, W.S.1957, C.1967, entitled, "Service of process—Commissioner as agent for service for certain insurers," which provides in subsection (c) that "Service of such process against a foreign or alien insurer shall be made *only* by service thereof upon the commissioner." (Emphasis supplied.) We find nothing in that subsection standing alone which authorizes service upon an insurer where the cause of action

arose elsewhere than Wyoming and the plaintiff is a nonresident of this State, especially in the light of the preceding subsection reading, "The appointment shall be irrevocable, shall bind the insurer and any successor in interest as or to the assets or liabilities of the insurer, and shall remain in effect as long as there is in force any contract of the insurer in this state or any obligation of the insurer arising out of its transactions in this state." Section 1–36, W.S.1957, in its penultimate clause states, "but if the defendant is a foreign insurance company, the action may be brought in a county where the cause, or some part thereof, arose or where the plaintiff resides." Plaintiff says that § 26.1–337, W.S.1957, C.1967, relating to venue of suits against insurers, by restricting it to actions "arising within this state" is inapplicable in the present case, and with this we are in full accord.

 In construing statutes it is always of prime importance that the intention of the lawmaking body be gathered from the terms of the statutes in the light of the objects and purposes intended to be accomplished. Hoffmeister v. McIntosh, Wyo., 361 P.2d 678, 679. It is apparent to us that in passing the mentioned statutes the legislature was interested in the furnishing of a local forum for residents of this State and for nonresidents when the cause of action arises *in this State*. Morris & Company v. Skandinavia Insurance Company, 279 U.S. 405, 408–409, 49 S.Ct. 360, 73 L.Ed. 762. Accordingly, we hold that the statutes hereinbefore mentioned, absent unjustified judicial enlargement, provide for no jurisdiction in Wyoming courts over nonresidents of the State where there is a nonresident plaintiff and the cause of action arises and all contacts have been outside the State. From this determination, it follows that the order of dismissal was correct.

In advancing the argument that the court abused its judicial discretion by finding Wyoming to be a *forum non conveniens*, plaintiff overlooks the sine qua non

of that doctrine's application, perhaps best and most unequivocally stated by Mr. Justice Jackson in Gulf Oil Corp v. Gilbert, 330 U.S. 501, 504, 67 S.Ct. 839, 841, 91 L. Ed. 1055:

> " * * * the doctrine of *forum non conveniens* can never apply if there is absence of jurisdiction or mistake of venue."

As previously noted, there was no authority for service of process at common law. Pue v. Northern Pac. Ry. Co., supra. The statutes of Wyoming authorize no jurisdiction in instances of this kind; hence the forum non conveniens doctrine is inapplicable.

In view of our holding, we do not reach the question of the applicable statute of limitations.

Affirmed.