2001 WY 16

**Bill G. REED and Debra M. Reed, Appellants (Plaintiffs),**

v.

**MILES LAND AND LIVESTOCK CO., Appellee (Defendant).**

**No. 00–101.**

Supreme Court of Wyoming.

Feb. 16, 2001.

Representing Appellant: Cameron S. Walker of Schwartz, Bon, Walker & Studer, LLC, Casper, WY. Argument by Mr. Walker.

Representing Appellee: Kevin Huber of Williams, Porter, Day & Neville, P.C., Casper, WY. Argument by Mr. Huber.

Before LEHMAN, C.J., and THOMAS *, GOLDEN, HILL, and KITE, JJ.

---

* *Concurred prior to retirement.*

1.  The district court's summary judgment and another associated order dealt with other issues, as well as that discussed in this opinion. The other

HILL, Justice.

[¶ 1] In this appeal we review a partial summary judgment of the district court, wherein the district court found that a real estate sales contract was unambiguous and did not entitle Appellants, Bill and Debra Reed (Reeds), to the gated pipe that formed a part of the irrigation system on the property which was the subject of the real estate transaction. The Reeds contend that the agreement between them and Miles Land and Livestock Co. (MLL) is unambiguous in its terms that the irrigation system for the property included the gated pipe that was necessary to the function of that irrigation system. We agree with the arguments propounded by the Reeds and, hence, we will reverse in part [1] and remand for additional proceedings.

## ISSUES

[¶ 2] The Reeds pose these issues for our consideration:

I. Did the district court err when, as a matter of law, it interpreted the contract to buy and sell real estate between Bill G. Reed and Debra M. Reed, buyers, and Miles Land and Livestock Co., seller, to include gated irrigation pipe only if the pipe was physically on the premises on June 2, 1997, the date of the agreement?

II. Did the district court err when it interpreted the contract, which specifically provided for conveyance of gated pipe, in such a fashion that no gated pipe was required to be conveyed?

[¶ 3] MLL summarizes the issue to be resolved very succinctly: "Was the district court correct when it ruled that Miles Land and Livestock was only required to convey gated pipe that was on the premises at the time of the contract for sale?"

## FACTS

[¶ 4] On April 8, 1997, MLL entered into an Exclusive Right to Sell Listing Contract

provisions of those orders are not at issue in this appeal, and are moot because of the result we reach. Thus, the district court's orders are not reversed with respect to those issues.

(Farm and Ranch), with Pearson Real Estate Company to sell a 900 acre parcel of farmland. Section IX of that contract indicates that MLL had prepared a Property Condition Statement, which described the "condition" of the property. That property Condition Statement provided, inter alia, that the irrigation systems on the property were: "1 center povit [sic], Gated Pipe & Flood."

[¶ 5] On April 21, 1997, the Reeds' son and daughter-in-law (the younger Reeds) submitted an offer to buy that 900 acre parcel. After some negotiations, which included a term that MLL was to provide the buyers with a Property Condition Statement, a contract was executed. However, the younger Reeds were unable to obtain financing, and so that deal fell through.

[¶ 6] On June 2, 1997, the Reeds entered into a Contract to Buy and Sell Real Estate with MLL. The subject of the contract was a parcel of 188 acres of farmland, which was a portion of the farmland the younger Reeds had tried to purchase as set out immediately above. The Reeds' contract contained this provision, which is set out below in pertinent part:

VII. ITEMS INCLUDED IN PURCHASE PRICE

A. Price shall include all fixtures currently on premises, including but not limited to, ... gates, auto gates/cattle guards and irrigation/domestic water systems ... and Gated Pipe.

[¶ 7] On that same date, the younger Reeds entered into a virtually identical contract to purchase 712 acres of farmland, which was the remainder of the 900 acres they had originally tried to purchase. These agreements were finalized, and the Reeds, as well as the younger Reeds, took possession of the properties.

[¶ 8] This controversy arose because when the Reeds took possession of their portion of the property, there was no gated pipe for the irrigation system. Litigation was commenced and, for purposes of this appeal, it suffices to say that the district court determined that the contract was unambiguous and the Reeds were, by the terms of the contract, only entitled to gated pipe if there

was gated pipe on the premises on June 2, 1997, the date on the contract the Reeds signed. The trial court granted summary judgment in favor of MLL with respect to most of the Reeds' parcel. It then heard testimony as to a 19 acre portion of the Reeds' 188 acres and determined that there was no gated pipe on that portion of the property as of June 2, 1997, and the Reeds should take nothing by their complaint.

## STANDARD OF REVIEW

[¶ 9] When we review a summary judgment, we have before us the same materials as did the district court, and we follow the same standards which applied to the proceedings below. The propriety of granting a motion for summary judgment depends upon the correctness of the district court's dual findings that there is no genuine issue as to any material fact and that the prevailing party is entitled to judgment as a matter of law. *Mercado v. Trujillo,* 980 P.2d 824, 825–26 (Wyo.1999).

## DISCUSSION

[¶ 10] Our primary focus in construing or interpreting a contract is to determine the parties' intent, and our initial inquiry centers on whether the language of the contract is clear and unambiguous. If the language of the contract is clear and unambiguous, then we secure the parties' intent from the words of the agreement as they are expressed within the four corners of the contract. *Wolter v. Equitable Resources Energy Company,* 979 P.2d 948, 951 (Wyo.1999). Common sense and good faith are leading precepts of contract construction. *Polo Ranch Company v. City of Cheyenne,* 969 P.2d 132, 136 (Wyo.1998). The interpretation and construction of contracts is a matter of law for the courts. *Mathis v. Wendling,* 962 P.2d 160, 163–64 (Wyo.1998).

[¶ 11] When we apply these principles to the contract dispute at hand, we conclude that the language of the contract is unambiguous in stating that the Reeds were to be conveyed the "irrigation system" on the premises, including the "gated pipe" that was a part of that system. We reject the trial

court's construction of this contract provision because it defies the purpose and intent of the contract, and it adds words to the critical paragraph of the contract which have the effect of nullifying its common sense meaning, *i.e.*, "Price shall include all fixtures [if] currently on premises [as of the date of this contract is signed], including but not limited to, . . . gates, auto gates/cattle guards and irrigation/domestic water systems . . . and Gated Pipe." Common sense, as well as the usual understanding of the words used, counsels us to conclude that the critical paragraph unambiguously states: "Price shall include all fixtures [which] currently [are] on premises, including but not limited to, . . . gates, auto gates/cattle guards and irrigation/domestic water systems . . . and Gated Pipe." The district court's construction of the contract would require a vigilant buyer to require that closing be conducted on the situs of the real estate, and only after a painstaking itemization of all items which either are fixtures by nature, or which are made so by the contract.

[¶ 12] The Reeds also contend that the district court erred in determining that it would not consider the property condition statement in construing the contract. It is our conclusion that the real estate sales contract is clear on its face, and the property condition statement neither augments nor detracts from it. Therefore, it is unnecessary for us to decide whether the trial court erred in ignoring the property condition statement on the basis that it was not actually attached to the Reeds' contract, although it was referred to in the contract, and the language of that contract stated that the property condition statement was incorporated by reference.

[¶ 13] For these reasons, we reverse the district court's order on summary judgment with respect to its conclusion that the unambiguous language of the contract entitled MLL to summary judgment as a matter of law, and remand to the district court with directions that summary judgment on that point be entered for the Reeds. Further proceedings will be necessary so as to quantify the amount (or the dollar value) of the gated pipe and associated hardware that *completes* the irrigation system's gated pipe component, for the subject property, as contemplated by the terms of the contract.