2003 WY 109

**Margot BURNHAM, Appellant (Defendant),**

v.

**Richard A. COFFINBERRY, as Trustee of the Richard A. Coffinberry Living Trust, dated June 8, 1995, Appellee (Plaintiff).**

No. 02–209.

Supreme Court of Wyoming.

Sept. 8, 2003.

Representing Appellant: Edward G. Luhm of Scott, Shelledy and Luhm, P.C., Worland, Wyoming.

Representing Appellee: Jerry D. Williams of Williams Law Office, Thermopolis, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1]   Appellant, Margot Burnham (Burnham), asserts that the district court erred in failing to grant her motion to dismiss this action, or to have stayed these proceedings pending resolution of related litigation between the parties in California.  It is also her contention that the district court erred in applying the law of Wyoming to this matter rather than the law of California as it relates to the dissolution of a relationship between unmarried persons who cohabit and commingle their assets.  Appellee, Richard A. Coffinberry as Trustee of the Richard A. Coffinberry Living Trust (Coffinberry), counters that the district court's orders were proper in all respects.  We will affirm.

### ISSUES

[¶ 2]   Burnham advances these issues:

1.   Whether the district court erred by failing to grant [Burnham's] motion to dismiss or stay this litigation in light of the existence of a previously commenced foreign action which placed into controversy properties owned by the parties and proceeds realized from the sale and refinancing secured therefrom, including real property located in Hot Springs County, Wyoming, which are also the subject matter of [Coffinberry's] quiet title action herein?

2.   Whether the district court erroneously applied the law of this State as it pertains to actions between unmarried persons who cohabit and commingle assets in granting [Coffinberry's] motions for summary judgment?

Coffinberry approaches the issues somewhat differently:

1.   Did the District Court properly apply Wyoming statutes and case law in denying [Burnham's] Motions to Dismiss pursuant to W.R.C.P. 12(b)(3)?

2.   Did the trial court properly grant summary judgment?

3.   Does the Minute Order and Statement of Decision, dated September 25, 2002, of the Superior Court of the State of California, County of Orange, in *Burnham v. Coffinberry*, Case No. 00 CC 10796 render [Burnham's] appeal moot?

### FACTS

[¶ 3]   The controversy at hand arose out of a close personal and business relationship between Burnham and Coffinberry which endured from 1979 until 1993.  Burnham contended that she and Coffinberry jointly acquired real property both in California and in Wyoming (as well as other states) and that they cohabited in their principal residence during the duration of their relationship.  They never married.  Burnham contended that the Wyoming properties were acquired for their mutual benefit and were purchased, in part, with funds obtained through a series of refinances of their principal residence.

[¶ 4]   On September 8, 2000, Burnham filed an action in California, seeking to divide property jointly owned by her and Coffinberry, including the Wyoming property at issue here.  On September 21, 2000, Coffinberry filed a complaint in the Wyoming district

court, seeking to quiet title to all of the properties located in Hot Springs County in the name of his living trust. Burnham answered that complaint and included in her answer a motion to dismiss pursuant to W.R.C.P. 12(b)(3). Burnham contended that it was necessary for the California court to have jurisdiction over the Wyoming property so that it could "balance accounts" between the parties. Eventually, the district court denied Burnham's motion to dismiss and entered summary judgment in Coffinberry's favor with respect to all of the Wyoming properties. With respect to California property, those matters were decided by the California courts, largely in favor of Burnham.

## DISCUSSION

### Motion to Dismiss

[¶ 5] We have recognized that a district court's ruling on a matter related to venue is measured by the abuse of discretion standard. *Rivermeadows, Inc. v. Zwaanshoek Holding,* 761 P.2d 662, 668 (Wyo.1988); and *see SPS v. Thunder Basin Coal Company,* 978 P.2d 1138, 1141, 1144–46 (Wyo.1999). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Pasenelli v. Pasenelli,* 2002 WY 159, ¶ 11, 57 P.3d 324, 329, ¶ 11 (citing *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998)). We will enlarge our analysis somewhat by quoting this discussion from Professors Wright and Miller:

> On a motion under Rule 12(b)(3), facts must be shown that will defeat plaintiff's assertion of venue. A number of courts have concluded that the burden of doing so is on defendant, since venue is a "personal privilege" and a lack of venue should be established by the party asserting it. On the other hand, several courts have imposed the burden on plaintiff in keeping with the rule applied in the context of jurisdiction defenses. The latter view seems correct inasmuch as it is plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue. There seems to be little

justification for distinguishing between the two in determining the placing of the burden. If a defect in venue is not demonstrated, the court will deny the motion to dismiss. However, motions under 12(b)(3) may also be denied or held in abeyance whenever the court determines that further information is needed in order to establish clearly whether venue is proper.

5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 1352, at 263–65 (1990).

[¶ 6] Burnham first contends that the district court abused its discretion in denying her motion to dismiss premised on W.R.C.P. 12(b)(3). That rule provides:

> (b) *How Presented.*—Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted; (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to

present all material made pertinent to such a motion by Rule 56.

(Emphasis added.)

[¶ 7] Burnham contends that the Wyoming district court should have dismissed the Wyoming action, or in the alternative stayed it, pending an unraveling of the parties' personal and business relationship in California. The argument championed by Burnham tends to confuse the concepts of jurisdiction, venue, and *forum non conveniens* in this regard, as well as the concepts of civil actions generally and matters related to the dissolution of marriage more specifically. Burnham, who is a resident of California, filed a civil action in California purporting to be in the nature of dissolution and winding up of a business relationship, as well as a personal relationship. It is her contention that the Wyoming properties at issue here are a part of both the business and personal relationship. Of course, California appears to be the proper forum for that action both in terms of jurisdiction as well as venue. Coffinberry is a resident of Wyoming and he has substantial real estate holdings in Hot Springs County. He filed a complaint in Wyoming to quiet title to that property, at least in part because Burnham claimed that the Wyoming property should be divided between them in the California action. Wyo. Stat. Ann. § 1–32–201 (LexisNexis 2003) provides:

> An action may be brought by a person in possession of real property against any person who claims an estate or interest therein adverse to him, for the purpose of determining the adverse estate or interest. The person bringing the action may hold possession himself or by his tenant.

Although Coffinberry's action does not fit squarely into the provisions of Wyoming quiet title statutes, Burnham does not question their applicability and Coffinberry did, in essence, contend that Burnham's California litigation amounted to a denial of clear title in Coffinberry. *See* Wyo. Stat. Ann. § 1–32–204 (LexisNexis 2003). As to one of the properties at issue, Burnham and Coffinberry were cotenants and Burnham had deeded several other properties at issue to Coffinberry. Coffinberry purchased the remainder from third parties. Within the chapter of Wyoming statutes concerned with venue, Wyo. Stat. Ann. § 1–5–101 (LexisNexis 2003) provides:

> (a) Actions for the following causes shall be brought in the county in which the subject of the action is situate, except as provided in W.S. 1–5–102 and 1–5–103:
>
> > (i) **For the recovery of real property, or of an estate or interest therein;**
> >
> > (ii) For the partition of real property;
> >
> > (iii) For the sale of real property under a mortgage, lien or other encumbrance or charge.

(Emphasis added.) *Also see Rivermeadows, Inc. v. Zwaanshoek Holding and Financiering, B.V.,* 761 P.2d 662, 667–68 (Wyo.1988); *Hronek v. St. Joseph's Children's Home,* 866 P.2d 1305, 1309–10 (Wyo.1994).

[¶ 8] Burnham more or less concedes that the district court had jurisdiction and that venue was proper in Hot Springs County. The real thrust of her argument is that the district court should have declined to exercise jurisdiction or venue or both, or that the district court should have stayed the proceedings until the California courts could act on Burnham's suit there. To the extent Burnham's argument is based in the concept of *forum non conveniens,* we note that *West Texas Utilities Company v. Exxon Coal USA, Inc.,* 807 P.2d 932, 935 (Wyo.1991), holds that such a question is also addressed to the sound discretion of the trial court. The underlying basis for Burnham's contentions is that what California was undertaking to do is what amounts to a divorce in Wyoming, and that Wyoming recognizes that personal relationships can have business aspects that may be resolved in the courts. *See Kinnison v. Kinnison,* 627 P.2d 594, 595–96 (Wyo.1981) (and cases cited therein) (contract to settle dispute between unmarried man and woman who cohabited enforced; case did not involve quantum meruit and/or unjust enrichment); *Bereman v. Bereman,* 645 P.2d 1155, 1158–60 (Wyo.1982) (distinguishing *Kinnison* ). However, Burnham fails to cite pertinent authority or to provide a cogent argument that the exercise of discretion by the district court in these circumstances was an abuse of discretion or that permitting the properly venued quiet title

action to go forward operated as an injustice to Burnham. For these reasons we need not consider her contentions in that regard further. *See Shumway v. Worthey,* 2001 WY 130, ¶ 9, 37 P.3d 361, ¶ 9 (Wyo.2001).

## Was Summary Judgment Proper

[¶ 9] When we review a summary judgment, we have before us the same materials as did the district court, and we follow the same standards which applied to the proceedings below. The propriety of granting a motion for summary judgment depends upon the correctness of the dual findings that there is no genuine issue as to any material fact and that the prevailing party is entitled to judgment as a matter of law. *Reed v. Miles Land and Livestock Company,* 2001 WY 16, ¶ 9, 18 P.3d 1161, ¶ 9 (Wyo.2001). A genuine issue of material fact exists when a disputed fact, if proven, would have the effect of establishing or refuting an essential element of an asserted cause of action or defense. We, of course, examine the record from a vantage point most favorable to that party who opposed the motion, affording to that party the benefit of all favorable inferences that fairly may be drawn from the record. *Scherer Construction, LLC v. Hedquist Construction, Inc.,* 2001 WY 23, ¶ 15, 18 P.3d 645, ¶ 15 (Wyo.2001); *Central Wyoming Medical Laboratory, LLC v. Medical Testing Lab, Inc.,* 2002 WY 47, ¶ 15, 43 P.3d 121, ¶ 15 (Wyo.2002).

[¶ 10] Our disposition of this issue can be quite brief. Burnham contends that the trial court "erroneously ruled as a matter of law that there exists no remedy at law or equity for an unmarried cohabitant who commingled her assets with the other cohabitant's even when the other cohabitant unjustly enriched himself through the use of those assets." No such proposition was offered to the district court for its resolution, nor did the district court make a decision to that effect. The district court did decide that the properties at issue in this case were titled in Coffinberry's name and, as between him and Burnham, the title to those properties should be quieted in him. Summary judgment is governed by W.R.C.P. 56, which provides:

(a) *For claimant.*—A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) *For defending party.*—A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) *Motion and proceedings thereon.*— Unless the court otherwise orders, the motion and any response and other papers relating thereto shall be served pursuant to Rule 6(c). The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) *Case not fully adjudicated on motion.* If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) *Form of affidavits; further testimony; defense required.*—**Supporting and opposing affidavits shall be made on**

personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) *When affidavits are unavailable.*—Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(g) *Affidavits made in bad faith.*—Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(Emphasis added.)

[¶ 11] Coffinberry brought forward documentary evidence that proved he was the owner of the disputed property. Burnham did not come forward with any specific facts to dispute the recorded deeds that proved

Coffinberry's case. Burnham's conclusory statements went to an entirely different case, a matter which was being pursued in California and which she had not pleaded before the courts of Wyoming. She "concluded" that the parties had a "relationship," but did not bring forward the requisite facts underlying that assertion so as to overcome Coffinberry's motion for summary judgment. The same is true with respect to unjust enrichment, quantum meruit, and her other claims—she used the magic words, but neglected to specify in an affidavit, or deposition, or otherwise, the underlying facts which might have given life to those claims.

**Is this Appeal Moot**

[¶ 12] Coffinberry contends that this appeal is moot because the California courts have now ruled on his claims there and they reached virtually the same result as did the Wyoming courts. Coffinberry does not present pertinent authority or cogent argument to convince us that this appeal is moot. Therefore, we decline to address that issue further.

## CONCLUSION

[¶ 13] The district court's order denying Burnham's motion to dismiss is affirmed, as are the district court's orders granting summary judgment in favor of Coffinberry.