KAUTZ, Justice.
[¶1] Appellant Mark A. Saunders appeals from the district court's order dismissing his divorce action against Appellee Sybil H. Saunders on the grounds of improper venue and/or forum non conveniens . The district court erred by dismissing Mr. Saunders' action for improper venue, and it did not apply the proper test when it dismissed for forum non conveniens . Consequently, we reverse and remand for further proceedings.
ISSUES
[¶2] The issues on appeal are:
1. Whether the district court erred by dismissing Mr. Saunders' divorce complaint for improper venue under W.R.C.P. 12(b)(3).
2. Whether the district court erred by dismissing Mr. Saunders' divorce complaint under the doctrine of forum non conveniens.
FACTS
[¶3] The Saunders married in North Carolina in 1989. On February 9, 2018, Mr. Saunders filed a complaint for divorce in the district court in Fremont County, Wyoming.
*995 Mr. Saunders stated he lived in Fremont County and had resided in the State of Wyoming for more than sixty days immediately preceding his filing of the complaint. He also stated two children were born as issue of the marriage, but they were adults. Mr. Saunders requested the district court grant him a divorce from Mrs. Saunders and equitably divide their marital property. Mrs. Saunders was served with the complaint and summons in North Carolina on February 20, 2018.
[¶4] On February 21, 2018, Mrs. Saunders filed a divorce complaint in North Carolina. That document is not part of the record on appeal, but her amended complaint, which she filed on April 9, 2018, is included in the record. Mrs. Saunders then filed a motion to dismiss the Wyoming action pursuant to W.R.C.P. 12(b)(3),[1] claiming Wyoming was an improper venue for the parties' divorce and/or forum non conveniens.
[¶5] Mrs. Saunders filed a personal affidavit in support of her motion to dismiss. She declared the parties had lived together in North Carolina and had never resided in Wyoming as a married couple. Mrs. Saunders also stated Mr. Saunders has interests in approximately forty-four North Carolina businesses. According to her, he had engaged in extensive business dealings and real estate ventures in southeastern North Carolina for over thirty years, including a business named "Mark Saunders Luxury Homes," which has "a significant number of employees[.]" Mrs. Saunders stated Mr. Saunders and/or his companies were involved in thousands of real estate transactions over an unidentified period of time.[2]
[¶6] As for liabilities, Mrs. Saunders stated Mr. Saunders' businesses were involved in "a great number of lawsuits" and there was an outstanding lien of $74,000,000, although it is unclear who the lien had been filed against. She also stated the parties had a federal tax lien of $3,000,000 filed against them in North Carolina and Wyoming. Mrs. Saunders claimed the "identification, classification, and evaluation of all marital assets, together with the number of competent witnesses who may testify in the ... action[ ] are primarily from the State of North Carolina." She asserted, given the complex nature of the marital properties and debts, North Carolina would be the "most convenient forum to litigate" the issues associated with their divorce.
[¶7] In his verified response, Mr. Saunders claimed the district court in Fremont County had jurisdiction over the subject matter and parties. He recognized Mrs. Saunders had filed a complaint in North Carolina but stated he had not been served with process in that suit. Mr. Saunders also admitted he continued to have significant business and personal connections in North Carolina. He conceded there were pending lawsuits against him and his business entities and a federal tax lien had been filed in North Carolina and Wyoming against the parties. He did not specifically deny the $74,000,000 lien but stated the documents from the Register of Deeds, which were apparently on the thumb drive, see supra n.2, speak for themselves.
[¶8] Mr. Saunders claimed to have moved permanently to Wyoming and to have substantial real property and business interests in this State. He averred he had possessed *996 and operated a ranch in Wyoming for over thirteen years and had interests "in at least 10 Wyoming-based business entities." Mr. Saunders asserted his choice of Wyoming as the forum to litigate the divorce was entitled to deference.
[¶9] The North Carolina court stayed Mrs. Saunders' divorce action "until the determination of venue and any other possible jurisdictional matters are resolved by the Wyoming Courts." After a hearing, the district court in this case issued an order granting Mrs. Saunders' "Motion[ ] to Dismiss for Improper Venue." Mr. Saunders appealed.
STANDARD OF REVIEW
[¶10] We generally review a district court's rulings regarding venue and forum non conveniens for abuse of discretion. Bourke v. Grey Wolf Drilling Co., LP, 2013 WY 93, ¶ 14, 305 P.3d 1164, 1167 (Wyo. 2013) (venue); Burnham v. Coffinberry, 2003 WY 109, ¶¶ 5, 8, 76 P.3d 296, 298-99 (Wyo. 2003) (venue and forum non conveniens ); West Texas Utils. Co. v. Exxon Coal USA, Inc., 807 P.2d 932, 935 (Wyo. 1991) (citing Booth v. Magee Carpet Co., 548 P.2d 1252 (Wyo. 1976) ) (forum non conveniens ).
Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.
Burnham, ¶ 5, 76 P.3d at 298. However, to the extent resolution of this case requires us to address legal issues, our review is de novo. BTU W. Res., Inc. v. Berenergy Corp., 2019 WY 57, ¶ 14, 442 P.3d 50, 54-55 (Wyo. 2019) ; Bourke , ¶ 15, 305 P.3d at 1167 (interpretation of venue statutes is reviewed de novo ).
[¶11] Given Mrs. Saunders filed a Rule 12(b)(3) motion to dismiss, the court generally accepts the well-pleaded facts in Mr. Saunders' complaint as being true. See Espinoza v. Evergreen Helicopters, Inc., 359 Or. 63, 376 P.3d 960, 982 (2016) ; 5B Fed. Prac. & Proc. Civ. § 1352 (3d. ed. 2019) (discussing the identical F.R.C.P 12(b)(3) ). Additionally, "the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." 5B Fed. Prac. & Proc. Civ. § 1352. A district court may, however, "examine facts outside the complaint" to determine whether a case should be dismissed under Rule 12(b)(3). Id . Thus, as in this case, the parties may submit affidavits setting forth facts relevant to the district court's determination of venue and/or forum non conveniens . Id.
DISCUSSION
[¶12] Mr. Saunders' complaint stated he had been a Wyoming resident for more than sixty days immediately preceding his filing and he resided in Fremont County. Wyo. Stat. Ann. § 20-2-107 (LexisNexis 2017) sets forth the requirements for a Wyoming district court to acquire jurisdiction over a divorce action:
(a) No divorce shall be granted unless one of the parties has resided in this state for sixty (60) days immediately preceding the time of filing the complaint, or the marriage was solemnized in this state and one of the parties has resided in this state from the time of the marriage until the filing of the complaint.
(b) A married person who at the time of filing a complaint for divorce resides in this state is a resident although his spouse may reside elsewhere.
[¶13] Mrs. Saunders did not dispute the district court had jurisdiction over the action pursuant to § 20-2-107. She also acceded to the court's personal jurisdiction over her. Mrs. Saunders asserted, however, North Carolina was the more appropriate forum for the parties' divorce and the distribution of their marital property. Her motion to dismiss the action and the district court's order referenced two distinct concepts-statutory venue and forum non conveniens. We will address each, in turn.
Statutory Venue
[¶14] Venue is a modern legal concept referring to the county, district, or other geographical location where, " 'for the sake of fairness, convenience, or other commanding policy considerations, a cause is to be tried.' "
*997 Sundance Mountain Resort, Inc. v. Union Tel. Co., 2007 WY 11, ¶ 9, 150 P.3d 191, 195 (Wyo. 2007) (quoting 77 Am. Jur. 2d Venue § 1 (2006) ). See also , Bourke, ¶ 16, 305 P.3d at 1168. Wyo. Stat. Ann. § 20-2-104 (LexisNexis 2017) addresses venue for divorces: "A divorce may be decreed by the district court of the county in which either party resides[.]" See Linch v. Linch, 2015 WY 141, ¶ 25, 361 P.3d 308, 315 (Wyo. 2015).
[¶15] Although the district court dismissed Mr. Saunders' complaint for improper venue, it did not mention § 20-2-104 in its order. Mr. Saunders claims the district court erred as a matter of law by dismissing his divorce action on the grounds of improper venue when he filed his complaint in a county allowed by § 20-2-104. Mrs. Saunders responds § 20-2-104 is permissive because it uses the word "may," and, therefore, does not mandate a divorce be filed in the district court of a county "in which either party resides." She suggests the statute allows a divorce to be filed elsewhere, including in another state.
[¶16] We addressed a similar argument in Bourke, ¶¶ 16-22, 305 P.3d at 1168-69. The venue statute at issue in Bourke was Wyo. Stat. Ann. § 1-5-107 (LexisNexis 2017), which states certain actions against non-residents or foreign corporations "may be brought in any county where the cause of action arose or where the plaintiff resides." Bourke, ¶ 11, 305 P.3d at 1167. We recognized the term "may" is generally permissive; however, in the context of the venue statute, "[i]t is permissive only to the extent of allowing a plaintiff to choose between filing an action where the cause of action arose or where he resides." Id., ¶¶ 18-20, 305 P.3d at 1168-69.
[¶17] The same is true of § 20-2-104. Although the statute uses the word "may," it is permissive only to the extent it allows a plaintiff to choose between the counties where the parties reside. See generally , Linch, ¶¶ 25-26, 361 P.3d at 315 (discussing proper venue for divorce cases). Mr. Saunders lives in Fremont County and Mrs. Saunders does not live in Wyoming; consequently, the Fremont County district court is the appropriate venue within the State of Wyoming.
[¶18] Mrs. Saunders does not direct us to any Wyoming statute allowing dismissal or transfer of a divorce action simply because venue would be more appropriate in another state.[3] See generally , Restatement (Second) Conflict of Laws, § 84 (1971, updated 2019) ("A court lacks power to transfer a case to the courts of another state."); Hronek v. St. Joseph's Children's Home, 866 P.2d 1305, 1310 (Wyo. 1994) (stating a Wyoming district court does not have authority to "change the venue to another state"). Instead, she refers to the general definition of venue, i.e., the place where a case, for the sake of convenience, should be tried, in arguing the district court had discretion to dismiss the action for improper venue even though it was filed in accordance with § 20-2-104. See, e.g. , Sundance Mountain Resort , ¶ 9, 150 P.3d at 195 (definition of venue).
[¶19] The cases cited by Mrs. Saunders recite the general definition of venue but resolve the issues presented by reference to the relevant venue statutes. See Sundance Mountain Resort, ¶ 10, 150 P.3d at 195 ( Wyo. Stat. Ann. § 1-5-101 ); State Farm Mut. Auto. Ins. Co. v. Kunz, 2008 WY 71, ¶ 14, 186 P.3d 378, 382 (Wyo. 2008) ( Wyo. Stat. Ann. § 1-6-301 ); Bourke, ¶ 20, 305 P.3d at 1169 (Section 1-5-107). As we noted in Bourke, the legislature, when it adopted Wyoming's various venue statutes, made its choice of the " 'geographical location[s] in which, for the sake of fairness, convenience, or other commanding policy considerations, a cause is to be tried.' " Bourke, ¶ 21, 305 P.3d at 1169 (quoting Kunz, ¶ 14, 186 P.3d at 382 ). The general definition of venue is not authority for dismissal or transfer of a case to a more appropriate venue.
*998 [¶20] Fremont County was the proper venue within Wyoming; therefore, to the extent the district court dismissed Mr. Saunders' divorce action for improper venue, it erred. See Burnham, ¶ 5, 76 P.3d at 298 (quoting 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1352 (1990) (if a defect in venue is not demonstrated, the court will deny a Rule 12(b)(3) motion to dismiss)). Compare Bourke, ¶ 31, 305 P.3d at 1171 (the district court properly dismissed the case because it was filed in a venue not authorized by statute). The only legal authority for the district court to dismiss Mr. Saunders' divorce complaint because North Carolina is a more convenient forum is the common law doctrine of forum non conveniens , which we address below.
Forum Non Conveniens
[¶21] Under the doctrine of forum non conveniens, "a court, even though it has jurisdiction, [may decline to] entertain the suit if it believes itself to be a seriously inconvenient forum[,] provided that a more appropriate forum is available to the plaintiff." Restatement (Second) Conflict of Laws § 84 (1971, updated 2019). The doctrine "allows a court to decline to exercise jurisdiction when the plaintiff's chosen forum is significantly inconvenient and the ends of justice would be better served if the action were brought and tried in another forum." Kedy v. A.W. Chesterton Co., 946 A.2d 1171, 1178 (R.I. 2008) (citing Howe v. Goldcorp Invs., Ltd., 946 F.2d 944, 947 (1st Cir. 1991) ); Volt Delta Res., Inc. v. Devine, 241 Kan. 775, 740 P.2d 1089, 1094 (1987) ; Qualley v. Chrysler Credit Corp., 191 Neb. 787, 217 N.W.2d 914, 915 (1974) ). Each state decides the extent to which the doctrine of forum non conveniens applies. 20 Am. Jur. 2d Courts § 109.
1. Wyoming Precedent Regarding Forum Non-Conveniens
[¶22] This Court mentioned common law forum non conveniens in a few cases in the 1970s. In Booth, 548 P.2d at 1255 n.2, we declined to decide "whether a trial court in this state can dismiss a suit in reliance upon the doctrine of forum non conveniens " because the issue had not been presented to the district court and it was unnecessary to the decision. In Lohman v. Jefferson Standard Life Ins. Co., 525 P.2d 1, 3 (Wyo. 1974), we recognized " 'the doctrine of forum non conveniens can never apply if there is absence of jurisdiction or mistake of v[e]nue.' " Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504, 67 S.Ct. 839, 841, 91 L.Ed. 1055 (1947), application to federal cases limited by 28 U.S.C. § 1404 )). Following that principle, we refused to address the appellant's forum non conveniens argument because Wyoming did not have jurisdiction over the dispute.
[¶23] This Court finally considered forum non conveniens on the merits in 1991 when we decided West Texas Utilities Co. v. Exxon Coal USA, Inc., 807 P.2d 932 (Wyo. 1991). West Texas, a public utility, produced electricity at coal-fired power plants in Texas. It contracted to purchase coal mined by Exxon in Wyoming. Id. at 933. When the market price of coal dropped below the contract price, West Texas attempted to negotiate a new price with Exxon but was unsuccessful. Id. at 933-34. Exxon filed suit in Wyoming "seeking a declaration of its remedies in the event that West Texas repudiated the contract." Id. at 934.
[¶24] West Texas claimed the district court should have dismissed the case for forum non conveniens because it involved "a dispute between two Texas companies over a contract executed in Texas" and, therefore, should be litigated in Texas. Id. at 935. With limited analysis, this Court concluded the district court did not abuse its discretion by denying West Texas's motion. We ruled the district court properly reviewed the arguments for and against dismissing the action and concluded Exxon's choice to litigate the case in Wyoming was "rational," given the mines were located within the state, and "the suit was not brought for purposes of harassment." Id. See also , Burnham, ¶ 8, 76 P.3d at 299 (stating the forum non conveniens issue was "addressed to the sound discretion of the trial court" but refusing to consider it on the merits because the appellant failed to provide cogent argument or cite to pertinent authority). West Texas, therefore, recognized the doctrine of forum non conveniens applies in *999 Wyoming but provided little direction for how to apply it.
[¶25] Mr. Saunders argues that, while our precedent confirms Wyoming courts have authority to deny a motion to dismiss for forum non conveniens, we have never recognized the right of a court to grant a motion to dismiss on that basis. It is true we have never affirmed a forum non conveniens dismissal. However, that does not mean Wyoming courts do not have the authority to do so. If we did not intend to allow relief for forum non conveniens, we would have ruled the doctrine does not apply in Wyoming. See 20 Am. Jur. 2d Courts § 109 (each state decides the extent to which forum non conveniens applies). Furthermore, in Durdahl v. National Safety Associates, Inc., 988 P.2d 525, 528 n.1 (Wyo. 1999), we stated: "The concept that a court can decline to exercise jurisdiction which it otherwise could legitimately exercise has been recognized previously by this Court in the doctrine of forum non conveniens. " We, therefore, reject Mr. Saunders' argument that the district court did not have general authority to grant a motion to dismiss for forum non conveniens.
2. Standard for Application of Forum Non Conveniens
[¶26] A review of authorities from other jurisdictions demonstrates West Texas does not fully address the forum non conveniens doctrine. The majority of jurisdictions follow a more structured two-stage forum non conveniens test originally articulated by the United States Supreme Court in Gulf Oil Corp., 330 U.S. at 506-09, 67 S.Ct. at 842-44. See Restatement (Second) Conflict of Laws § 84 ; Espinoza, 376 P.3d at 974 ; Kedy, 946 A.2d at 1182 n.11 (collecting authorities).
[¶27] In the first stage, the court determines whether an alternate forum is available and capable of providing relief. Espinoza, 376 P.3d at 974 ; Gulf Oil, 330 U.S. at 506-07, 67 S.Ct. at 843-44. This is a threshold issue because, if no adequate alternate forum exists, the court must not dismiss the case. Id. ; Restatement (Second) Conflict of Laws § 84. To be considered adequate, the parties must be amenable to service of process in the alternate forum and the court in the alternate forum must have jurisdiction over the matter. Espinoza, 376 P.3d at 984 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981) ). See also, Gulf Oil, 330 U.S. at 506-07, 67 S.Ct. at 842-43 (the doctrine of forum non conveniens "presupposes at least two forums in which the defendant is amenable to process"). In addition, the alternate forum's law must be capable of providing a meaningful remedy. Id . The alternate forum is not adequate if some procedural bar, such as a statute of limitations, would prevent litigation. Espinoza, 376 P.3d at 984. See also, Piper Aircraft, 454 U.S. at 254, 102 S.Ct. at 265.
[¶28] In the second stage, the court balances the private and public interests to determine whether it should grant the motion to dismiss for forum non conveniens . Gulf Oil, 330 U.S. at 508-09, 67 S.Ct. at 843-44. In doing so, the court must keep in mind the plaintiff's "choice of a forum should not be disturbed except for weighty reasons." Restatement (Second) Conflict of Laws § 84. See also , Gulf Oil, 330 U.S. at 508, 67 S.Ct. at 843. Stated another way, a court should dismiss a case for forum non conveniens only when the private and public interests "strongly favor" litigating the matter in an alternate forum. Espinoza, 376 P.3d at 975 (quoting Gulf Oil, 330 U.S. at 508, 67 S.Ct. at 843 ). See also, Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430, 127 S.Ct. 1184, 1191, 167 L.Ed.2d 15 (2007) ("A defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum.").
[¶29] In analyzing the parties' private interests, the court will weigh the relative advantages of trying the case in the plaintiff's chosen forum against the obstacles to the defendant obtaining a fair trial. Gulf Oil, 330 U.S. at 508, 67 S.Ct. at 843. The private interests may include:
"[T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; ... all other practical problems that make trial of *1000 a case easy, expeditious and inexpensive[;] * * * [and] the enforceability of a judgment if one is obtained."
Id. Additionally, "the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." Id. Cf. West Texas, 807 P.2d at 935 (mentioning there was no evidence the plaintiff chose Wyoming as its forum to harass the defendant).
[¶30] As part of the second stage of the forum non conveniens analysis, the court also considers the interests of the public, including:
the administrative difficulties and burden on the court in the plaintiff's chosen forum; the unfairness of imposing the expense of trial and the burden of jury duty on residents of a community with little or no connection to the controversy; the interest in "having localized controversies decided at home"; and choice of law issues, including whether the court will be required to apply its own law, or that of another jurisdiction.
Espinoza, 376 P.3d at 975 (quoting Gulf Oil, 330 U.S. at 508-09, 67 S.Ct. at 843-44 ).
[¶31] Gulf Oil embraces the West Texas concept of giving the district court discretion to balance the arguments for and against dismissing the case, but also recognizes the important policies of making sure there is an adequate forum available for the suit and respecting the plaintiff's choice of forum when it is appropriate to do so. The second stage of the test incorporates the concepts of rationality and preventing harassment articulated in West Texas but provides a more structured and comprehensive means of analyzing the forum non conveniens issue. We, therefore, join the majority of jurisdictions and adopt the Gulf Oil two-stage test.
3. Application of the Gulf Oil Forum Non Conveniens Test to the Saunders Action
[¶32] The district court's order[4] dismissing Mr. Saunders' complaint stated, in pertinent part:
1. The parties married November 4, 1989, in North Carolina, where they resided together until recently.
2. Mr. Saunders has extensive business and real estate ventures in North Carolina. The parties also own real property in Wyoming.
3. Mr. Saunders filed a Complaint for divorce in Wyoming on February 9, 2018.
4. Mrs. Saunders filed a Complaint for [d]ivorce in North Carolina on February 21, 2018.
5. The North Carolina Court has stayed all proceedings pending this Court's determination of Mrs. Saunders' Motion to Dismiss for Improper Venue.
6. Mrs. Saunders contends[,] although Mr. Saunders filed first and Wyoming has subject matter jurisdiction [and] personal jurisdiction, North Carolina is the more appropriate forum in which to distribute the parties' apparently complex assets because the majority of the property, the witnesses, and relevant evidence is located in North Carolina.
7. Mr. Saunders requests this court retain jurisdiction. ...
8. ...
9. The Wyoming Supreme Court has ... held: "Whether a case should be dismissed under the doctrine of forum non conveniens lies within the discretion of the district court." Booth v. Magee Carpet Company, 548 P.2d 1252 (Wyo. 1976).
W[est] Texas Utilities Co. v. Exxon Coal USA, Inc. , 807 P.2d 932, 935 (Wyo. 1991).
10. The Court finds Mrs. Saunders' motion should be granted. The parties have never resided in Wyoming as a couple. The majority of Mr. Saunders' business dealings, the witnesses, financial records, property records, [and] the discovery as to the extent of marital property is located in North *1001 Carolina. North Carolina is the more convenient forum.
[¶33] The district court followed West Texas ; however, that analysis was not adequate under Gulf Oil. The court did not consider whether North Carolina was an adequate alternate forum or balance the private and public interest factors identified in Gulf Oil. Importantly, the district court did not give any consideration to Mr. Saunders' right, as plaintiff, to choose the forum to litigate his action. Consequently, we reverse and remand for application of the correct test. On remand, the district court must keep in mind that Mrs. Saunders, as the party seeking dismissal, bears a "heavy burden" to establish Mr. Saunders' action should be dismissed on forum non conveniens grounds. Sinochem, 549 U.S. at 430, 127 S.Ct. at 1190.
[¶34] As a threshold matter, the district court will need to determine whether North Carolina is an adequate alternate forum. If North Carolina is not an appropriate forum, Wyoming must entertain the suit no matter how inconvenient it is. Restatement (Second) Conflict of Laws § 84, comment c. This inquiry will require a determination of whether Mr. Saunders is amenable to service of process in North Carolina, whether the North Carolina court has jurisdiction over the case, and whether North Carolina law provides a meaningful remedy.[5] Espinoza, 376 P.3d at 984 ; Piper Aircraft, 454 U.S. at 254 n.22, 102 S.Ct. at 265 n.22.
[¶35] Mr. Saunders contends the remedy in North Carolina is inadequate because a divorce is not immediately available, like it is in Wyoming. The parties cite different North Carolina divorce statutes as applying to their situation. Mr. Saunders asserts N.C. Gen. Stat. Ann. § 50-6 applies, and it requires spouses to be separated for a minimum of one year prior to divorce. However, Mrs. Saunders filed for a divorce from bed and board under N.C. Gen. Stat. Ann. § 50-7, which apparently has different requirements. The district court will need to clarify which statute applies and whether it provides an adequate remedy.
[¶36] Mr. Saunders also claims North Carolina is an unsuitable forum because it requires all his business entities to be joined as parties in the divorce action. This requirement is confirmed by Mrs. Saunders' North Carolina divorce complaint which names numerous business entities as co-defendants. The parties also raise issues related to each state's jurisdiction over their business and property interests and the enforceability of the final property distribution order.
[¶37] The district court will need to evaluate these circumstances in the context of relevant authorities and the facts. In doing so, it should keep in mind "the remedy provided by the alternate forum 'need not be the same as that provided by the [plaintiff's chosen forum].' " Yavuz v. 61 MM, Ltd., 576 F.3d 1166, 1174 (10th Cir. 2009) (quoting Gschwind v. Cessna Aircraft Co., 161 F.3d 602, 607 (10th Cir. 1998), which quoted Piper Aircraft, 454 U.S. at 254-55, 102 S.Ct. 252 (some internal quotation marks omitted)). To fail the first stage of the Gulf Oil test, the remedy in the alternate forum must be " 'so clearly inadequate that it is no remedy at all.' " Id. In the event North Carolina is not a suitable alternate forum, the district court cannot dismiss the action. Restatement (Second) Conflict of Laws § 84, comment c.
[¶38] If the district court determines North Carolina is an adequate alternate forum, it will move to the second step of the Gulf Oil analysis and balance the private interests and the public interests. Although the doctrine of forum non conveniens " 'leaves much to the discretion of the court,' the exercise of that discretion is not unlimited." Espinoza, 376 P.3d at 985 (quoting Gulf Oil, 330 U.S. at 508, 67 S.Ct. at 843 ). The district court must recognize the plaintiff has the right to choose his forum; it cannot dismiss a case simply because another forum may be generally more convenient than the one chosen by the plaintiff.
*1002 Picketts v. Int'l Playtex, Inc., 215 Conn. 490, 576 A.2d 518, 524 (1990) ; Restatement (Second) Conflict of Laws § 84. "[U]nless the balance [of interests] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil, 330 U.S. at 508, 67 S.Ct. at 843. In other words, to support a dismissal for forum non conveniens, the combination of factors must significantly outweigh the policy of respecting the plaintiff's choice of forum. See id.
[¶39] As we stated earlier, the private interests considered in the balancing include the relative ease or difficulty in obtaining sources of proof, both documentary and testimonial. Gulf Oil, 330 U.S. at 508, 67 S.Ct. at 843. Gulf Oil mentioned considerations such as the availability of process for compelling the attendance of witnesses, the cost of obtaining the attendance of witnesses, and the possibility a premises must be viewed by the court. Id. Mrs. Saunders, as the party seeking dismissal, must identify specific evidence material to the case and "demonstrate that accessing it for purposes of litigating in the plaintiff's chosen forum will be extraordinarily difficult." Espinoza, 376 P.3d at 988 (citing Aveta, Inc. v. Colon, 942 A.2d 603, 609 (Del. Ch. 2008), and Pierce v. Albertson's Inc., 121 N.M. 369, 372, 911 P.2d 877, 880 (1996) ).
[¶40] Under the category of private interest factors, the district court should also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil, 330 U.S. at 508, 67 S.Ct. at 843. This factor is fairly broad, including: the practical burden of a new action in the alternate forum; rules particular to the alternate forum that make it more difficult to initiate and sustain an action; the need to join third parties and the relative ease or difficulty of doing so in each forum; and any potential difficulty in enforcing a judgment obtained in the alternate forum. Espinoza , 376 P.3d at 990 ; Picketts, 576 A.2d at 526-27 (more restrictive procedural rules in alternate forum); Piper Aircraft, 454 U.S. at 259, 102 S.Ct. at 258 (joinder of third-party defendants); Gulf Oil, 330 U.S. at 508, 67 S.Ct. at 843 (enforceability of judgment).
[¶41] The procedural and judgment enforcement issues relate to the first-step of the forum non conveniens analysis. If the problems are serious enough, the plaintiff may be without a remedy in the alternate forum, which would mandate denial of the motion to dismiss. However, if such problems exist but do not reach the level of depriving the plaintiff of a remedy, they may still be considered in balancing the private interest factors in the second step of the Gulf Oil test. Espinoza, 376 P.3d at 990 ; Restatement (Second) Conflict of Laws § 84, comment c. Here, the parties agree North Carolina law imposes different requirements to obtain a divorce and for distribution of marital property than Wyoming law. If the district court does not conclude that North Carolina's requirements effectively provide Mr. Saunders with "no remedy," it still will need to consider the additional procedural hurdles required by North Carolina law in balancing the private interest factors. The district court will also need to consider issues raised by the parties regarding each court's authority to render a judgment distributing assets located in the other forum and the enforceability of any such judgment.
[¶42] Gulf Oil also mentions "the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." Gulf Oil, 330 U.S. at 508, 67 S.Ct. at 843. See also , West Texas, 807 P.2d at 935. The district court should, on remand, consider whether Mrs. Saunders has established Mr. Saunders brought the action in Wyoming to vex, harass, or oppress her.
[¶43] As part of the second step of the Gulf Oil balancing test, the district court will also need to consider relevant public interest factors. To reiterate, the public interest factors include:
the administrative difficulties and burden on the court in the plaintiff's chosen forum; the unfairness of imposing the expense of trial and the burden of jury duty on residents of a community with little or no connection to the controversy; the interest in "having localized controversies decided at home"; and choice of law issues, including *1003 whether the court will be required to apply its own law, or that of another jurisdiction.
Espinoza, 376 P.3d at 975 (quoting Gulf Oil, 330 U.S. at 508-09, 67 S.Ct. at 843-44 ). There is considerable overlap in these factors. Consequently, "the central question which a court must answer when weighing the public interests ... is whether the case has general nexus to the forum sufficient to justify the forum's commitment of judicial time and resources to it." Pain v. United Techs. Corp., 637 F.2d 775, 791 (D.C. Cir. 1980), overruled in part on other grounds in Piper Aircraft, 454 U.S. at 241, 102 S.Ct. at 252. Stated another way, the court must consider "the extent to which either forum has an interest in, and connection to, the underlying controversy." Espinoza, 376 P.3d at 991 (citing Gulf Oil, 330 U.S. at 509, 67 S.Ct. at 843 ).
[¶44] The district court's balancing of the public interests should also include analysis of any administrative difficulties in litigating the case. These could include the time and expense to determine matters that are not of particular interest to Wyoming and/or the congestion (or lack thereof) in the court's calendar. Espinoza, 376 P.3d at 990 ; Restatement (Second) Conflict of Laws § 84. However, the doctrine of forum non conveniens may not be used as a mechanism to control the court docket.[6] Id. The court must also consider whether there are choice-of-law issues that pose difficulties in resolution of the case. Gulf Oil, 330 U.S. at 509, 67 S.Ct. at 843.
CONCLUSION
[¶45] Mr. Saunders filed his divorce complaint in the Fremont County district court in accordance with the applicable venue statute, § 20-2-104. To the extent the district court dismissed on the basis of improper statutory venue, it erred. The district court's dismissal order also referenced principles associated with the doctrine of forum non conveniens. Although the district court followed this Court's West Texas decision, the analysis was inadequate. We, therefore, adopt the two-stage test for forum non conveniens from Gulf Oil and direct the district court to apply that test on remand. In applying the test, the district court must recognize, "it is for the plaintiff to choose the place of suit" and "his choice of a forum should not be disturbed except for weighty reasons." Restatement (Second) Conflict of Laws, comment c.
[¶46] Reversed and remanded for proceedings consistent with this opinion.

Rule 12(b)(3) states:
(b) How to Present Defenses . - Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
....
(3) improper venue[.]

Mrs. Saunders indicated in her motion and affidavit that she provided the documentation supporting her statements to the district court on a thumb drive. Her court filings contain a footnote stating:
[Mrs.] Saunders makes reference to a thumb drive which contains all attachments. The same will be disclosed to the court as necessary and reasonable efforts will be undertaken to maintain the confidentiality of said records and to limit the filing of the same into the public records. It is anticipated that a Confidentiality Order governing the presentation, preservation, and submission of evidence into the appropriate court proceeding will be entered by the court or pursuant to the terms of a Confidentiality Agreement executed between the parties.
The thumb drive is not included in the record on appeal, the district court did not mention it in the dismissal order, and the parties do not reference it in their appellate briefs.

If child custody had been an issue in this case, the Uniform Child Custody Jurisdiction and Enforcement Act, Wyo. Stat. Ann. §§ 20-5-201 through 20-5-502 (LexisNexis 2017), would have governed the choice of forum for the child custody determination. The Act includes statutory authority for a court to decline to exercise jurisdiction over a child custody matter when another state is a more appropriate forum. Section 20-5-307. The court may, however, retain jurisdiction over "the divorce or other proceedings." Id.

For ease of reading, we have changed the district court's references to the parties as "plaintiff" and "defendant" to their names without bracketing.

This list of considerations is not exhaustive. For example, some courts have said an alternate forum is inadequate if its courts are so "fraught with corruption, delay and bias" they provide "no remedy at all." Espinoza, 376 P.3d at 984. This factor seems more applicable when the alternate forum is a foreign country. See id. (Peru offered as an alternate forum); Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163 (9th Cir. 2006) (Philippines offered as an alternate forum).

The public interest factors also include the unfairness of asking a jury to determine matters not particularly relevant to the local community. Espinoza, 376 P.3d at 990-91. Wyoming will not bear the burden of a jury trial because the district court, not a jury, will grant the divorce and make an equitable distribution of the parties' property. Wyo. Stat. Ann. § 20-2-114.