# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 68

### APRIL TERM, A.D. 2021

### May 17, 2021

EKATERINA NICHOLAEVNA
POKROVSKAYA, a/k/a YEKATERINA
POKROVSKAIA,

Appellant
(Defendant),

v.

ERIC VAN GENDEREN SR.,

Appellee
(Plaintiff).

S-20-0202

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*
> Ekaterina Pokrovskaya, pro se.

*Representing Appellee:*
> Melissa M. Owens, Owens Law Office, PC, Jackson, Wyoming; Heather Noble, Attorney at Law, Jackson, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Ekaterina Nicholaevna Pokrovskaya (Mother) and Eric Van Genderen Sr. (Father) divorced in Teton County, Wyoming.  The district court awarded Father custody of the parties' minor child subject to Mother's specified visitation.  Mother resided in Russia and continues to live there.  Father and the minor child moved from Teton County and live in Bahrain.  Mother filed a petition to modify custody and visitation.  Father moved to dismiss, citing inconvenient forum.  Shortly thereafter, Mother also filed a motion for an order to show cause.  The district court granted Father's motion as to the modification petition and also dismissed the show cause motion, applying the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and the common law doctrine of forum non conveniens.  Mother appeals only the dismissal of the motion for an order to show cause.  We affirm.

### ISSUE

[¶2]    Mother raises four issues.[1]    We consolidate and rephrase these into a single dispositive issue:

> Did the district court abuse its discretion when it dismissed Mother's motion for an order to show cause?

### FACTS

[¶3]    Mother and Father married in 1992.  Their only child was born in 2008.  In 2016, the parties stipulated to a divorce decree in Teton County.  At the time of the divorce, Mother lived in Russia, and Father lived in Teton County with the child.  Father received

---

[1] Mother's issues are:
> 1.  Whether the trial court erred when it dismissed Appellant's Motion for an Order to Show Cause on the grounds that WY was no longer the home state of the child, and the parties vacated the state, given no modification of the parties Divorce Decree and Agreement had been entered.
> 2.  Whether the trial court erred when it dismissed Appellant's Motion for an Order to Show Cause on the grounds of inconvenient forum provided for in Wyo. Stat. [Ann.] § 20-5-307.
> 3.  Whether the trial court erred when it dismissed Appellant's Motion for an Order to Show Cause on the grounds of common law forum non-convenience.
> 4.  Whether the trial court erred in concluding: a) its orders would be unenforceable over international borders; and b) lack of powers to enforce its orders overseas precludes the court from enforcing it altogether?

custody of the child subject to Mother's visitation of ten days each month. Father and the child moved to Russia in 2018, spent the summer of 2019 in Morocco, and then moved to Bahrain, where they currently reside. Mother remains in Russia.

[¶4]   In November 2019, Mother filed a modification petition in Teton County on the grounds that Father had frustrated her visitation rights and otherwise alienated the child from her. Father moved to dismiss the modification petition, arguing that Wyoming was no longer a convenient forum. In February 2020, Father filed a parallel custody proceeding in Bahrain. The Bahrain court stayed the proceeding awaiting a decision from the district court in Teton County on whether or not it would decline jurisdiction. In April 2020, Mother filed a show cause motion, asking that Father be required to appear in court and explain why he should not be held in contempt of court. This motion also claimed frustration of her visitation and alienation of the child, as raised in her petition to modify.

[¶5]   After supplemental briefing and an evidentiary hearing, the district court found it was an inconvenient forum. It dismissed the modification petition and the show cause motion.[2]

[¶6]   Mother appeals, pro se, challenging the dismissal of the show cause motion.

### STANDARD OF REVIEW

[¶7]   In child custody proceedings, "the determination of whether to exercise jurisdiction or to defer to the courts of another state is reviewed for an abuse of discretion." *Symington v. Symington*, 2007 WY 154, ¶ 7, 167 P.3d 658, 659 (Wyo. 2007) (quoting *Steele v. Neeman*, 6 P.3d 649, 653 (Wyo. 2000)); *Saunders v. Saunders*, 2019 WY 82, ¶ 10, 445 P.3d 991, 996 (Wyo. 2019); *Ritter v. Ritter*, 989 P.2d 109, 111 (Wyo. 1999). Judicial discretion is sound judgment, based on objective criteria, and exercised with regard to what is right in the circumstances. *Saunders*, ¶ 10, 445 P.3d at 996 (quoting *Burnham v. Coffinberry*, 2003 WY 109, ¶ 5, 76 P.3d 296, 298 (Wyo. 2003)). "If the record includes sufficient evidence to support the district court's exercise of discretion, we will defer to that court and affirm its decision" on inconvenient forum. *Symington*, ¶ 7, 167 P.3d at 659.

### DISCUSSION

---

[2] The district court recognized that where a court determines it is an inconvenient forum, Wyo. Stat. Ann. § 20-5-307(c) requires a stay of the proceedings on condition the child custody matter be promptly commenced in another designated forum. It concluded no stay was required because a modification action was pending in Bahrain.

[¶8]   Generally, courts have continuing jurisdiction over child custody and visitation cases.  The UCCJEA and the doctrine of forum non conveniens allow courts to decline continuing jurisdiction under certain circumstances.

## A.   Forum Non Conveniens and the UCCJEA

[¶9]   Forum non conveniens is a common law doctrine that allows a court with jurisdiction to dismiss a case because the parties and justice would be better served if the case were brought elsewhere.  20 Am. Jur. 2d *Courts* § 109 (2015); *Saunders*, ¶ 21, 445 P.3d at 998.  The doctrine is discretionary and provides that even though a court has jurisdiction, it may decline to entertain the suit if it finds that it is an inconvenient forum, and a more appropriate forum is available.  *Saunders*, ¶ 21, 445 P.3d at 998.

[¶10]  The UCCJEA, adopted by Wyoming in 2005 and codified at Wyo. Stat. Ann. §§ 20-5-201 through -502, is a jurisdictional statute governing child custody disputes.  *In re NC*, 2013 WY 2, ¶ 25, 294 P.3d 866, 873 (Wyo. 2013); Wyo. Stat. Ann. § 20-5-201.[3] It codifies both the common law doctrine of forum non conveniens as it relates to child custody and the court's continuing subject matter jurisdiction to enforce or modify its original decrees.  Wyo. Stat. Ann. §§ 20-5-307, 20-2-203(a) (LexisNexis 2019).

[¶11]  The UCCJEA permits the court to decline jurisdiction if the forum is inconvenient and another forum is more appropriate.  Wyo. Stat. Ann. § 20-5-307(a).  Before declining jurisdiction, a court must allow the parties to submit information on which forum might be the more convenient, and it must consider all relevant factors identified in Wyo. Stat. Ann. § 20-5-307(b).  The statutory factors are:

> (i)   Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (ii)   The length of time the child has resided outside this state;
>
> (iii)   The distance between the court in this state and the court in the state that would assume jurisdiction;

[3] The UCCJEA replaced Wyoming's Uniform Child Custody Jurisdiction Act (UCCJA), which was enacted in 1973.  Wyo. Stat. Ann. § 20-5-102 (LexisNexis 2003).  "The UCCJA turned out to have exploitable loopholes allowing for concurrent jurisdiction in more than one state, which encouraged jurisdictional competition and conflict and forum shopping."  David Carl Minneman, Annotation, *Construction and Operation of Uniform Child Custody Jurisdiction and Enforcement Act*, 100 A.L.R.5th 1 (2002).  The UCCJEA attempts to address these problems "by prioritizing home-state jurisdiction and providing for exclusive continuing jurisdiction in the initial decree state."  *Id.*

(iv)     The relative financial circumstances of the parties;

(v)     Any agreement of the parties as to which state should assume jurisdiction;

(vi)     The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(vii)     The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(viii)   The familiarity of the court of each state with the facts and issues in the pending litigation.

Wyo. Stat. Ann. § 20-5-307(b)(i)–(viii) (LexisNexis 2019). This list is not comprehensive, and other relevant factors not contained in the statute also must be considered. *Symington*, ¶ 8, 167 P.3d at 660.

[¶12] Mother argues that an enforcement proceeding brought through a show cause motion is not subject to the UCCJEA. Courts are divided on whether the UCCJEA applies to enforcement actions.[4] *See, e.g.*, *In re Marriage of Medill*, 40 P.3d 1087, 1096 (Or. Ct. App. 2002) (finding that "a child custody determination[, within the meaning of the UCCJEA,] does not include an order *enforcing* an existing custody determination"); *Ex parte Stouffer*, 214 So. 3d 1192, 1197 (Ala. Civ. App. 2016) (finding Alabama's version of UCCJEA did not apply to enforcement actions but only to modification petitions); *In re Marriage of Pritchett*, 80 P.3d 918 (Colo. Ct. App. 2003) (finding the UCCJEA did not apply to contempt motion where court had already declined to exercise jurisdiction in favor of another forum); *but see Steckler v. Steckler*, 921 So. 2d 740 (Fla. Dist. Ct. App. 2006) (applying UCCJEA inconvenient forum test to motion to enforce visitation and seeking sanctions against mother); *Watson v. Watson*, 724 N.W.2d 24 (Neb. 2006) (applying UCCJEA inconvenient forum factors to Father's contempt motion

---

[4] Under the UCCJA—the predecessor of the UCCJEA—courts generally held that a contempt proceeding that does not also attempt to modify the original decree was not governed by the UCCJA. Danny R. Veilleux, Annotation, *Applicability of UCCJA or PKPA*, 78 A.L.R.4th 1028 (1990); *Marquiss v. Marquiss*, 837 P.2d 25, 39–40 (Wyo. 1992) ("[w]here no modification is sought or obtained, the courts have consistently held that the UCCJA does not apply to contempt proceedings, generally reasoning that the Uniform Act does not affect a court's inherent power to enforce its own custody order"); *but see Ritter*, 989 P.2d at 113 (applying UCCJA to a contempt proceeding that also requested temporary custody).

4

and declining jurisdiction); *Wilson v. Beckett*, 236 S.W.3d 527, 531–32 (Ark. Ct. App. 2006) (applying inconvenient forum factors to Father's contempt motion).

[¶13] Wyoming applies the UCCJEA to enforcement proceedings. In *Prickett v. Prickett*, 2007 WY 153, 167 P.3d 661 (Wyo. 2007), the parties divorced in Wyoming. Following the divorce, Mother, who was awarded custody, moved with the children to Nebraska. *Id.* ¶ 3, 167 P.3d at 662. Father remained in Wyoming. The parties stipulated to the registration of the Wyoming divorce decree in Nebraska, and the Nebraska court modified the visitation schedule.[5] *Id.* ¶¶ 4–5, 167 P.3d at 662–63. Father subsequently moved to enforce child visitation in Wyoming. *Id.* Mother moved to dismiss, arguing the district court lacked subject matter jurisdiction and that it was an inconvenient forum under the UCCJEA. *Id.* The district court applied the UCCJEA and determined it retained exclusive, continuing jurisdiction to enforce its order. *Id.* ¶¶ 8, 14, 167 P.3d at 663, 665. On appeal, we found that the UCCJEA was applicable and affirmed. *Id.* ¶¶ 4, 13–17, 167 P.3d at 662–65.

[¶14] Here, the district court applied both the statute and the common law in arriving at its decision to decline jurisdiction. Because the issue can be resolved under the UCCJEA, we do not address the common law doctrine.

**B.  The District Court Did Not Abuse Its Discretion When It Declined to Exercise Jurisdiction**

[¶15] The district court requested supplemental briefing on the issue of inconvenient forum and held an evidentiary hearing on the issue. Wyo. Stat. Ann. § 20-5-307(a). As an initial matter, we note the parties' designated record contains pleadings and exhibits, but the hearing was not reported and neither party submitted a statement of the evidence or proceedings as permitted by W.R.A.P. 2.05 and 3.03.[6] "We have cautioned that '[t]he

---

[5]  Nebraska allows foreign custody orders to be registered in Nebraska to ease enforcement of those orders. Neb. Rev. Stat. § 43-1252 (2007). Once registered, the order is enforceable "in the same manner as a determination issued by a court of [Nebraska]." *Id.* The Wyoming district court properly recognized the distinction between Mr. Prickett consenting to registration of his Wyoming custody order and consenting to Nebraska taking jurisdiction. Even if Mr. Prickett had agreed to jurisdiction in Nebraska, that would only be one of the factors to be weighed and considered [in determining whether Wyoming was an inconvenient forum]. Wyo. Stat. Ann. § 20-5-307(b)(v).

*Prickett*, ¶ 15, 167 P.3d at 665.

[6] The record contains communications between Mother and Father related to the ongoing visitation disputes occurring in Russia and Bahrain beginning in 2019. It reflects that a modification action is pending in Bahrain, which has stayed its proceedings. The record also shows that Russian authorities investigated a domestic violence allegation against Mother that occurred during a visit with the child.

appellant bears the responsibility of bringing forth a sufficient record for the Court's review. When [s]he does not, we assume that the district court's orders and rulings were correct.'" *Rush v. Golkowski*, 2021 WY 27, ¶ 16, 480 P.3d 1174, 1178 (Wyo. 2021) (quoting *Rammell v. Mountainaire Animal Clinic, P.C.*, 2019 WY 53, ¶ 30, 442 P.3d 41, 49 (Wyo. 2019)). However, "[t]o the extent that we can assess the district court's exercise of discretion based on the . . . record before us, we shall do so." *Id.*

[¶16] The district court set forth findings in the Order of Dismissal. It found the following: a modification action is pending in Bahrain and the Bahrain court had already interviewed the child; there was an unresolved domestic violence allegation against Mother in Russia that Mother contests; "[a]ll of the evidence [related to custody and visitation] is either in Russia or Bahrain"; and any evidence that could be available in Wyoming predated this matter.[7] The court also heard evidence on the distance between Wyoming and Bahrain, as well as the cost of airfare and other logistical hurdles to court proceedings in Wyoming.

[¶17] The court then began its analysis by applying the UCCJEA factors to the circumstances of this case. It looked first at the domestic violence allegation. The court noted that if family violence occurred, it would not be able to protect the child given the child's geographic distance from Wyoming and because it lacked jurisdiction over witnesses, law enforcement services, and protective services in Russia.

[¶18] Turning to the second factor—the length of time the child had resided outside the state—the court found that, except for intermittent visits, the child left Wyoming in 2018. The child no longer attends school in Teton County and does not have regular activities there. The court went on to discuss the third factor, the distance between the court in this state and the court that would assume jurisdiction. It noted the distance between Wyoming, Bahrain, and Russia rendered in-person court attendance prohibitive and that time differences made remote hearings impractical. The court did not receive evidence on the relative financial circumstances of the parties (the fourth factor) or any agreement of the parties as to which state should assume jurisdiction (the fifth factor). Moving to the sixth factor—the nature and location of evidence to be presented—the court determined all evidence that would inform the court in the matter was in Bahrain or Russia.

[¶19] With regard to the seventh factor, the ability of the court of each state to decide the issues expeditiously and the procedures necessary to present the evidence, the court

---

[7] Mother argues that much of the evidence giving rise to her show cause motion occurred in Wyoming and challenges the district court's finding that this evidence was located in Bahrain and Russia. To the extent Mother challenges the district court's factual findings, we review for clear error. *Krafczik v. Morris*, 2009 WY 53, ¶ 18, 206 P.3d 372, 377 (Wyo. 2009). Here, the record supports the district court's conclusion.

found that it would be limited in its practical ability to decide issues, and Bahrain was better situated to accommodate necessary evidentiary procedures. It pointed out that the Bahrain court had already interviewed the child, and presentation of that evidence in Wyoming would require interpreters in two languages, as well as accommodations for the time differences. As to the final factor, the familiarity of each court with the facts and issues of the pending litigation, the court noted that at this juncture, it was less familiar with the case than the Bahrain Court.

[¶20] As required, the district court considered relevant circumstances beyond those enunciated in statute. These included the likelihood that a guardian ad litem would be warranted and the logistical difficulties of such an appointment. The court addressed Mother's contention that Bahrain had not adopted the UCCJEA and would not provide an adequate remedy, finding that the Bahrain court, for non-Muslims, applies the law of the state where the applicable custody order was issued.[8] Finally, it recognized it would have no ability to enforce a judgment in Russia or Bahrain. It concluded that the factors weighed against retaining jurisdiction and in favor of dismissal.

[¶21] After careful review of the parties' arguments and the evidence contained in the record, we find no abuse of discretion. The district court maintained exclusive, continuing jurisdiction to resolve custody and visitation issues arising from the parties' original Wyoming divorce decree unless it determined that it was no longer an appropriate jurisdictional forum. It weighed all relevant circumstances inclusive of the UCCJEA factors. It concluded, on balance, the circumstances in this case weighed in favor of declining jurisdiction. The district court's findings and conclusions are supported by the record before us.

## *CONCLUSION*

[¶22] Dismissal of Mother's show cause motion for inconvenient forum under the UCCJEA was not an abuse of discretion.

[¶23] Affirmed.

---

[8] "A forum in a foreign country is adequate when the parties will not be deprived of all remedies or treated unfairly even though they may not enjoy the same benefits as they might receive in an American court." 21 C.J.S. *Courts* § 83 (2016).