# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 2

**OCTOBER TERM, A.D. 2021**

**January 5, 2022**

| | |
|---|---|
| BRADFORD D. LUND, as beneficiary of Sharon D. Lund Residuary Trust fbo and member of Canyon Oaks Estates, LLC, a California limited liability company, and as an adult, <br><br> Appellant <br> (Plaintiff), <br><br> v. <br><br> MICHELLE A. LUND, as beneficiary of Sharon D. Lund Residuary Trust fbo and member of Canyon Oaks Estates, LLC, a California limited liability company, and as an adult; L. ANDREW GIFFORD; ROBERT L. WILSON; DOUGLAS STRODE, and FIRST REPUBLIC TRUST COMPANY, as trustees of the Sharon D. Lund Residuary Trust fbo Bradford D. Lund and the Sharon D. Lund Residuary Trust fbo Michelle A. Lund, and as managers of Canyon Oaks Estates, LLC, a California limited liability company, <br><br> Appellees <br> (Defendants). | S-21-0125 |

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant, Bradford D. Lund:*

Christopher H. Hawks, Hawks & Associates, LC, Jackson, Wyoming; Sandra L. Slaton, Horne Slaton, PLLC, Scottsdale, Arizona. Argument by Ms. Slaton.

*Representing Appellee, Michelle A. Lund:*

Matthew E. Turner, Geittmann Larson Swift LLP, Jackson, Wyoming.

*Representing Appellees, L. Andrew Gifford, Robert L. Wilson, Douglas Strode, and First Republic Trust Company:*

Paula A. Fleck and Bryson C. Smith, Holland & Hart LLP, Jackson, Wyoming; Hayward J. Kaiser and Andrew C. Spitser, Mitchell Silberberg & Knupp LLP, Los Angeles, California. Argument by Mr. Kaiser.

*Before FOX, C.J., and DAVIS, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Chief Justice.**

[¶1]    Bradford Lund (Brad) is a resident of Arizona, and his sister Michelle Lund (Michelle) is a resident of California. They are beneficiaries of separate trusts known as the Sharon D. Lund Residuary Trust fbo Bradford D. Lund (the BRT) and the Sharon D. Lund Residuary Trust fbo Michelle A. Lund (the MRT). First Republic Trust Company, Andrew Gifford, Robert Wilson, and Douglas Strode (the Trustees) manage the BRT and the MRT, and they too reside in or have offices in California.

[¶2]    The BRT and the MRT are each 50% members of a California entity that owns property in Teton County, Wyoming. Brad claims Michelle and the Trustees agreed to sell the MRT's interest in that entity to the BRT, and he filed an action in the Ninth Judicial District Court, in Teton County, asserting that they breached that agreement. The district court dismissed Brad's complaint on two grounds: 1) the parties had a separate settlement agreement which required that any action related to the agreement be brought in a California probate court; and 2) forum non conveniens. We affirm on the basis of forum non conveniens.

## ISSUES

[¶3]    We rephrase the dispositive issues:

> 1.    Did the district court abuse its discretion in dismissing Brad's complaint on the ground of forum non conveniens?
>
> 2.    Did the district court abuse its discretion in denying Brad's request to amend his complaint to state a claim for promissory estoppel?
>
> 3.    Did the district court err in expunging the lis pendens Brad recorded against the Teton County property he claimed was at issue in this action?

## FACTS

[¶4]    Brad and Michelle are the children of Sharon Lund (Sharon). Sharon established the Lund Family Trust in 1989, and after her death in 1993, it was divided into smaller trusts. Among the smaller trusts were the BRT and the MRT.

[¶5]    Since 2009, Brad and the Trustees have been in litigation in a California probate court over numerous petitions, accountings, and objections to accountings. In April 2019, Brad, Michelle, the Trustees, and other interested parties agreed to settle all pending litigation through an agreement entitled Lund Trust Settlement Agreement and Mutual

1

Releases (OSA). Because many of the disputes between the parties concerned management of assets held jointly by the BRT and the MRT, one goal of the OSA was to equally divide those jointly held assets. To that end, the agreement provided for a plan to divide assets.

[¶6]   With respect to most of the jointly held assets, the plan to divide provided:

> **4.3.2  Initial Joint Asset Buckets.** THE TRUSTEES will evaluate the assets and liabilities of all Joint Assets and will use their best, commercially reasonable efforts to divide all of the Joint Assets into two "Joint Asset Buckets" of equal or near-equal aggregate value.

[¶7]   The plan to divide made different provisions for a property known as the Eagle South Fork (ESF). The ESF is a 110-acre property located in Teton County and owned by Canyon Oaks Estates, LLC (COE), a California limited liability company. COE directly owns approximately forty acres of the ESF property, while two Wyoming limited liability companies, Crossing Elk I LLC and Crossing Elk II LLC, each own a 35-acre riparian parcel of the property. COE owns both the Crossing Elk entities, and the BRT and the MRT are each 50% members of COE. Neither Brad nor Michelle individually is a member of COE or the Crossing Elk entities.

[¶8]   With respect to disposition of the ESF property, the OSA's plan to divide provided:

> **4.3.3  Eagle South Fork.** Because of the particular nature of the Eagle South Fork property and its connection to the Lund family, the Eagle South Fork property will not be part of the Joint Assets separated into the Joint Asset Buckets. Instead, on or before the date of the Initial Presentation (defined below), THE TRUSTEES, with input from Bradford and Michelle to be considered in the Trustees' sole and absolute discretion, will propose a methodology by which joint ownership of Eagle South Fork will be avoided after the Effective Date (the "Eagle South Fork Plan"). If any disagreements arise regarding the Eagle South Fork Plan, Mediator Lesley Green will resolve the dispute, and her resolution will be final and binding.

[¶9]   On May 10, 2019, the Trustees proposed a methodology for disposing of the ESF property whereby Brad and Michelle would bid against each other to purchase it. If neither submitted a qualified offer, the Trustees would place the property for sale through

2

an online auction. Also, if a credible third-party offer were received for a higher price, the Trustees would accept that offer unless Brad or Michelle beat it.

[¶10] On May 21, 2019, Brad's counsel responded and advised that neither Brad nor Michelle desired to purchase the ESF property. She further advised that both Brad and Michelle agreed that the property should not be auctioned off and proposed that it instead be placed on the open market for sale with a broker. On May 24, the Trustees responded that they would not list the property in the manner proposed by Brad's counsel because it would likely result in joint ownership of the property that would extend beyond the OSA's effective date. Because neither Brad nor Michelle had expressed an interest in purchasing the property, the Trustees outlined an alternative plan designed to accomplish its sale by the OSA's effective date.

[¶11] On May 29, 2019, Brad's counsel submitted an alternative proposal for disposition of the ESF property. She proposed that the BRT purchase the MRT's interest in COE and the Crossing Elk entities (the entities with title to the ESF property). On May 30, Michelle's counsel advised that Michelle had no objection to Brad's proposal. On June 4, the Trustees agreed to the proposal through an email, which read as follows:

> The Trustees have now had an opportunity to consider the May 29, 2019 email input of Brad's counsel, Ms. Slaton, and the May 30, 2019 email input of Michelle's counsel, Mr. Nelson, regarding the plan to divide the ESF property as that term is defined in Doug Strode's May 10, 2019 letter. After such consideration, and pursuant to Section 4.3.3 of the Settlement Agreement, the Trustees, in their discretion, have decided to adopt the plan for division of the ESF Property as outlined in Ms. Slaton's May 29, 2019 email and as approved by and clarified in Points 1 and 2 of Mr. Nelson's May 30, 2019 email. Thus, if and when the Court grants the Petitions to Approve and to Appoint, the Trustees promptly will take the steps necessary and appropriate to cause the BRT to purchase the MRT's 50% interest in the ESF property for $9,760,000 (i.e., 50% of the appraised value). Since the MRT will not be selling and the BRT will not be purchasing the personal property owned by either Brad or Michelle that is located at ESF, the provisions of paragraph 10 of Mr. Strode's May 10, 2019 letter will apply, subject to Point 2 of Mr. Nelson's letter. If, prior to the Court's approval of the Petitions to Approve and to Appoint, the Trustees receive any credible third party offer to purchase the ESF Property for a cash price above the appraised value, the Trustees will bring such offer to the parties' attention.

3

[¶12]   The parties petitioned the California Superior Court for the County of Los Angeles (probate court) for approval of the OSA. On September 27, 2019, the probate court responded with an initial ruling that outlined its concerns regarding the OSA, including whether a guardian ad litem should be appointed to represent Brad's best interests. The court asked the parties to address its concerns, and months of litigation ensued over the OSA and the court's conditions for approval. Ultimately, on November 12, 2020, the probate court denied the petition to approve the OSA.

[¶13]   In the meantime, on September 11, 2020, the Trustees notified Brad and Michelle that they had received a third-party cash offer to purchase the ESF property for $35,000,000, which they intended to accept. On September 14, Michelle withdrew her consent to the BRT's purchase of the MRT's interest in COE and the Crossing Elk entities. On that same day, Brad's counsel objected to the proposed sale to a third party, and the next day his counsel issued a cease-and-desist letter, which asserted, "This latest action by the hostile Trustees is yet more evidence of ongoing breaches of fiduciary duty against Mr. Lund."

[¶14]   On September 17, 2020, Brad's counsel sent the parties notice that she intended to file an ex parte application for a temporary restraining order to prevent the sale of the ESF property. Later that day, she withdrew the notice.

[¶15]   On September 21, 2020, Brad filed a complaint against Michelle and the Trustees in the Ninth Judicial District Court for Teton County, Wyoming. His complaint asserted that when he proposed to have the BRT purchase the MRT's interest in the ESF property, and the Trustees adopted that proposal, the parties formed a binding contract for that purchase. He claimed that Michelle and the Trustees breached that agreement, and he was entitled to specific performance. He further sought rescission of any purchase agreement entered into by the Trustees and an order enjoining sale of the property. On the same day that Brad filed his complaint, he also recorded a lis pendens against the ESF property.

[¶16]   On September 28, 2020, the Trustees, joined by Michelle, filed a motion to dismiss the complaint and a motion to expunge the lis pendens. In support of their motion to dismiss, the Trustees argued that the district court lacked subject matter jurisdiction because: 1) the Lund trusts are California trusts and the California Probate Code vested exclusive jurisdiction over their internal affairs in the California probate court; and 2) the OSA's forum selection clause required that any dispute related to the agreement be brought in the California probate court. They further argued that the complaint should be dismissed on the ground of forum non conveniens.

[¶17]   As to their motion to expunge the lis pendens, the Trustees argued that upon dismissal there would be no pending action to which a notice of lis pendens could attach so expungement was proper. They also argued the lis pendens was not properly filed in

4

the first instance because the complaint did not allege a claim that would affect title to or possession of the ESF property.

[¶18]  Brad opposed both motions. With respect to the motion to dismiss, he argued that the parties' agreement to allow the BRT to purchase the MRT's interest in ESF was entirely separate from the OSA, so the OSA's forum selection clause did not apply. For the same reason, he asserted his complaint did not concern the internal affairs of the trusts, and the California probate court thus did not have exclusive jurisdiction. As to forum non conveniens, he argued that the California court was an inadequate forum because only a Wyoming action would afford him the ability to file a lis pendens against a Wyoming property. He further argued that the balance of factors under a forum non conveniens analysis favored his choice of forum.

[¶19]  With respect to the motion to expunge the lis pendens, Brad did not dispute that expungement was proper if the complaint were dismissed. He instead asserted that he had filed "a valid lis pendens which should not be expunged until the pending action is resolved." He also claimed that the lis pendens was valid in this case because he was the beneficial owner of the ESF property and the Trustees' sale of it would interfere with his possession.

[¶20]  In a supplemental filing, Brad added that his complaint should not be dismissed because it alleged the elements necessary to support a claim for promissory estoppel, which he argued would take his claim outside the OSA. He did not file a motion to amend his complaint, but during argument on the Trustees' motions, his counsel urged the district court to allow Brad to file a complaint for promissory estoppel.

[¶21]  The district court granted the motion to dismiss on two grounds: 1) the OSA's forum selection clause required the action to be brought in the California probate court; and 2) the California court was the more convenient forum. With respect to its dismissal on the grounds of forum non conveniens, the court concluded:

> [T]he factors weigh in favor of dismissing this action. A related action is already pending in California, including with motions related to the dispute in this action. This action appears to be ancillary to the more than ten years of litigation between these parties, and the California court is better equipped to address this case given its history with the case, and [t]he location of all parties, witnesses, and evidence.

[¶22]  With respect to Brad's promissory estoppel claim, the court found that Brad had not filed a motion to amend his complaint but that, even if a motion had been filed, it would not have changed the forum non conveniens analysis and that doctrine would have

5

still warranted dismissal. Because no action remained pending, the court expunged the lis pendens.

[¶23] Brad filed two motions in response to the district court's order, a Rule 60(a) motion to correct allegedly inaccurate statements in the order's background statement and a Rule 59 motion to alter or amend. The court granted the Rule 60(a) motion in part and made minor changes to statements of fact in the order. It denied the Rule 59 motion. Brad thereafter appealed to this Court.

## *DISCUSSION*

### I.    *Dismissal of Complaint on Basis of Forum Non Conveniens*

[¶24]  Whether the OSA's forum selection clause required that Brad's complaint be filed in the California probate court depended on the continuing validity of that clause after the probate court denied the petitions to approve the OSA. It further depended on whether the June 4, 2019 email, by which the parties agreed to a plan for disposition of the ESF property, was part of the OSA or a separate stand-alone contract. We need not address either of these questions, because we find no abuse of discretion in the district court's dismissal of the action on the basis of forum non conveniens.

[¶25] "Forum non conveniens is a common law doctrine that allows a court with jurisdiction to dismiss a case because the parties and justice would be better served if the case were brought elsewhere." *Pokrovskaya v. Van Genderen*, 2021 WY 68, ¶ 9, 487 P.3d 228, 230 (Wyo. 2021) (citing 20 Am. Jur. 2d *Courts* § 109 (2015)). We review a district court's ruling on forum non conveniens for an abuse of discretion. *Saunders v. Saunders*, 2019 WY 82, ¶ 10, 445 P.3d 991, 996 (Wyo. 2019) (citing *Bourke v. Grey Wolf Drilling Co., LP*, 2013 WY 93, ¶ 14, 305 P.3d 1164, 1167 (Wyo. 2013)). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Saunders*, 2019 WY 82, ¶ 10, 445 P.3d at 996 (quoting *Burnham v. Coffinberry*, 2003 WY 109, ¶ 5, 76 P.3d 296, 298 (Wyo. 2003)).

[¶26]  In *Saunders*, we adopted the two-stage test for analyzing forum non conveniens first articulated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-09, 67 S.Ct. 839, 842-44, 91 L.Ed. 1055 (1947) (application to federal cases limited by 28 U.S.C. § 1404). *Saunders*, 2019 WY 82, ¶¶ 26, 31, 445 P.3d at 999, 1000:

> In the first stage, the court determines whether an alternate forum is available and capable of providing relief. This is a threshold issue because, if no adequate alternate forum exists, the court must not dismiss the case. To be

6

considered adequate, the parties must be amenable to service of process in the alternate forum and the court in the alternate forum must have jurisdiction over the matter. In addition, the alternate forum's law must be capable of providing a meaningful remedy. The alternate forum is not adequate if some procedural bar, such as a statute of limitations, would prevent litigation.

In the second stage, the court balances the private and public interests to determine whether it should grant the motion to dismiss for *forum non conveniens*. In doing so, the court must keep in mind the plaintiff's choice of a forum should not be disturbed except for weighty reasons. Stated another way, a court should dismiss a case for *forum non conveniens* only when the private and public interests strongly favor litigating the matter in an alternate forum.

*Id*. at ¶¶ 27-28, 445 P.3d at 999 (cleaned up).

## A. Availability of an Adequate Alternate Forum

[¶27] Under stage one of the forum non conveniens analysis, the district court found California to be an available and adequate alternate forum. It reasoned:

24. In this case, there is an alternate forum, California. Indeed, the parties have been litigating in California for over a decade. However, Brad asserts that California is not an alternate for[u]m because in order to file a lis pendens, he has to have a pending action in Wyoming. . . .

25. . . . While [Brad] is correct that a lis pendens would not be effective based on an out-of-state court action, this is a case for breach of contract, seeking the remedy of specific performance. The lis pendens is ancillary and it is not [a] separate vehicle to obtain the remedy of specific performance. It is a notice to potential buyers that there is litigation. A lis pendens is not a cause of action. All forms of relief can be implemented by a California court such as specific performance of the alleged contract (which is what Brad seeks in his Complaint), [rescission] of any sale of the property, damages, a temporary restraining order or injunctive relief, etc.

7

[¶28]  The record supports the district court's conclusion that California is an available forum. As the court noted, the parties have been litigating trust-related issues in the California probate court for more than ten years, and Brad has not suggested that it lacks subject matter jurisdiction or the power to summon the necessary parties and witnesses. In fact, the parties have competing petitions pending in the California court for instructions concerning the Trustees' authority to sell the ESF property.

[¶29]  The record also supports the district court's conclusion that California is capable of providing a meaningful remedy. The remedy Brad sought in his Wyoming complaint was specific performance, an order enjoining the Trustees from selling the property, and rescission of any purchase contract the Trustees had already executed. Brad does not contend that any of these remedies are unavailable in the California court. He instead argues that the district court abused its discretion by failing to give sufficient consideration to the unavailability of a lis pendens if his action were filed in California. He further argues that any order of rescission the California court might enter would be limited because a California court cannot issue an order affecting title to a Wyoming property.

[¶30]  First, as the district court observed, a lis pendens is not a remedy; it is notice of litigation. Wyo. Stat. Ann. §§ 1-6-106 to -109 (Lexis Nexis 2021). More importantly, we have recognized that "the remedy provided by the alternate forum 'need not be the same as that provided by the [plaintiff's chosen forum.]'" *Saunders*, 2019 WY 82, ¶ 37, 445 P.3d at 1001 (alteration in original) (quoting *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1174 (10th Cir. 2009)). To fail, the remedy in the alternate forum must be "so clearly inadequate that it is no remedy at all." *Saunders*, 2019 WY 82, ¶ 37, 445 P.3d at 1001; *see also* 14D Wright et al., *Fed. Prac. & Proc. Juris.* § 3828.3 (4th ed. April 2021 update) ("[A]n alternative forum is adequate so long as the plaintiff will not be deprived of all remedies or subjected to unfair treatment there."). While an action in the California court would not support the filing of a lis pendens against the ESF property, Brad may certainly apply to that court for a temporary restraining order to enjoin the property's sale until his claims are resolved. Indeed, the record shows he has done just that. We thus find no abuse of discretion in the district court's conclusion that, despite the unavailability of a lis pendens, the California court is an adequate forum.

[¶31]   As to Brad's argument that an order of rescission from the California court would be limited because that court cannot enter an order affecting title to a Wyoming property, the Trustees contend that this is: 1) a new argument on appeal; and 2) inaccurate because an order of rescission would not affect title to the property. We need not decide the latter because we agree with the Trustees that this is a new argument on appeal that we should not consider. We have said:

> It simply is not appropriate for this Court to reverse a district
> court ruling on grounds that were never presented to it.

> *Whitten v. State*, 2005 WY 55, ¶ 24, 110 P.3d 892, 898 (Wyo.
> 2005). This is particularly true when our review is for an
> abuse of discretion because to determine whether there was
> an abuse we necessarily must consider the arguments and
> evidence presented to the district court. *Amoco Prod. Co. v.
> Dep't of Revenue*, 2004 WY 89, ¶ 53, 94 P.3d 430, 449 (Wyo.
> 2004). Plainly stated, a party cannot fail to present an
> argument and then argue on appeal that the district court
> abused its discretion in not considering the argument the party
> did not present.

*Miller v. Beyer*, 2014 WY 84, ¶ 34, 329 P.3d 956, 967 (Wyo. 2014) (quoting *Sundance Mtn. Resort, Inc. v. Union Tel. Co.*, 2007 WY 11, ¶ 17, 150 P.3d 191, 196 (Wyo. 2007)); *see also Rogers v. State*, 2021 WY 123, ¶ 14, 498 P.3d 66, 70 (Wyo. 2021).

[¶32] Brad's rescission argument is not, as he suggests, merely an expansion of his argument below. The Trustees filed their motion to dismiss on the basis of forum non conveniens and presented their argument as to why California was an available and adequate alternate forum. Brad responded with a single argument as to the alleged inadequacy of the California forum: the inability to record a lis pendens against the ESF property. Now, on appeal, he contends the district court erred in failing to consider alleged limits on the California court's ability to order rescission. In a case like this, where the decision is committed to the district court's discretion and it has the task of balancing the respective remedies of the competing forums, we should not and will not consider arguments not presented to that court.

[¶33] The district court did not abuse its discretion in concluding that the California court was an available and adequate alternate forum. We turn then to the second stage of the forum non conveniens analysis.

## B.    Balance of Private and Public Interests

[¶34] In the second stage of the forum non conveniens analysis, the district court was required to balance the private and public interests that bear on whether to grant the motion to dismiss. *Saunders*, 2019 WY 82, ¶ 28, 445 P.3d at 999. As noted above, we have emphasized the weight that must be afforded a plaintiff's choice of forum at this stage of the analysis. "[A] court should dismiss a case for *forum non conveniens* only when the private and public interests 'strongly favor' litigating the matter in an alternate forum." *Id.* at ¶ 28, 445 P.3d at 999 (quoting *Espinoza v. Evergreen Helicopters, Inc.*, 376 P.3d 960, 975 (Or. 2016)).[1]

---

[1] At the outset, Brad contends that the district court erred in considering the private and public interests

## 1. Private Interests

[¶35] In considering the parties' private interests, a court must "weigh the relative advantages of trying the case in the plaintiff's chosen forum against the obstacles to the defendant obtaining a fair trial." *Saunders*, 2019 WY 82, ¶ 29, 445 P.3d at 999 (citing *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843). The private interests include:

> The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; all other practical problems that make trial of a case easy, expeditious and inexpensive; and the enforceability of a judgment if one is obtained.

*Saunders*, 2019 WY 82, ¶ 29, 445 P.3d at 999-1000 (cleaned up).

[¶36] In considering these interests, the district court found: none of the evidence was in Wyoming; the parties and witnesses were all located outside Wyoming; the cost of litigation favored the California forum because that is where most of the parties and witnesses were located; there would be no need for a viewing of the ESF property because this was a breach of contract case; the California court was familiar with the case and parallel pleadings had been filed with that court; and the risk of inconsistent judgments from the California and Wyoming courts raised concerns regarding the enforceability of the court's judgment and favored the California forum.

[¶37] Brad contends the district court abused its discretion because it failed to consider his assertion that there were a number of potential witnesses in Wyoming, including

---

because it failed to make specific findings that each interest was a "weighty reason" to disturb his choice of forum. *See Saunders*, 2019 WY 82, ¶ 28, 445 P.3d at 999 ("[T]he plaintiff's 'choice of a forum should not be disturbed except for weighty reasons.'") (quoting Restatement (Second) Conflict of Laws § 84 (1971)). The Trustees, on the other hand, urge us to join other jurisdictions that shift the presumption away from favoring a plaintiff's choice of forum when the plaintiff does not reside in the forum state. As to Brad's claim that the district court ignored the presumption favoring his chosen forum, we disagree. Before the district court analyzed the private and public interests, it stated, "The choice of forum made by the Plaintiff is not to be disturbed except for 'weighty reasons.'" (citations omitted). The court plainly understood the lens through which it needed to consider each interest, and in applying our deferential standard of review, we can appropriately infer that in analyzing the competing interests, it considered whether each was sufficiently weighty to favor dismissal. Because we conclude that the district court gave due consideration to Brad's choice of forum and did not abuse its discretion in weighing the private and public interests, we need not address the Trustees' suggestion that we shift the presumption favoring a plaintiff's chosen forum.

10

realtors, employees of the title company, potential purchasers, and expert witnesses. We disagree. This is a breach of contract case, and the alleged contract would not have affected title to the ESF property. It would have reallocated the membership interests in COE and the Crossing Elk entities from the MRT to the BRT, but title to the property would have remained in those entities. The question in this case was whether the parties formed an enforceable contract to reallocate the membership interests, and the potential Wyoming witnesses identified by Brad would have no evidence to offer on that question.

[¶38] For this same reason, we reject the precedent Brad cites in favor of the forum where the disputed real property is located. This is not a dispute over ownership of the ESF property or a contract to purchase that property. Even if a court were to find that the parties had an enforceable agreement to sell the MRT's interest in COE and the Crossing Elk entities to the BRT, title to the ESF property would be unaffected by enforcement of that agreement.

[¶39] Brad next contends that the district court abused its discretion in favoring the California forum because of that court's ten-plus years of presiding over litigation between these same parties. He contends that the litigation in probate court concerned the internal affairs of the trusts, whereas this litigation centers around a Wyoming property. First, this litigation does not center around the ESF property, as we discussed above. Moreover, the assertions of Brad's counsel belie his claim that the disposition of the ESF property does not concern the internal affairs of the trusts. When the Trustees notified Brad and Michelle of their intention to sell the ESF property to a third party, Brad's counsel immediately responded that "[t]his latest action by the hostile Trustees is yet more evidence of ongoing breaches of fiduciary duty against Mr. Lund." The California court has an extensive history with these parties and their trust disputes, and the district court reasonably concluded that the more efficient course was to have that court preside over this dispute as well.

[¶40] Finally, Brad contends that the increased costs associated with his chosen forum are an improper reason to dismiss on the basis of forum non conveniens. While the costs of litigation are not determinative, they are certainly a factor a court may consider in weighing the private interests. *Id.* The district court did just that. It found that the costs of witnesses and parties to attend proceedings in Wyoming favored the California forum, but it did not dismiss based on that factor alone. We find nothing unreasonable in the court's weighing of that consideration.

## 2. Public Interests

[¶41] The public interests a court must consider in ruling on a motion to dismiss on the basis of forum non conveniens include:

11

the administrative difficulties and burden on the court in the plaintiff's chosen forum; the unfairness of imposing the expense of trial and the burden of jury duty on residents of a community with little or no connection to the controversy; the interest in "having localized controversies decided at home"; and choice of law issues, including whether the court will be required to apply its own law, or that of another jurisdiction.

*Saunders*, 2019 WY 82, ¶ 30, 445 P.3d at 1000 (quoting *Espinoza*, 376 P.3d at 975).

[¶42] The district court concluded that the public interests favored the California forum, except the choice of law issues. The court concluded that California law would likely apply, but it found this factor to be neutral since it is able to apply another state's law. Because of the administrative difficulties associated with the location of the witnesses and evidence, and because the controversy is not a local one, the court found that the remaining interests favored the California forum. For the same reasons we found no abuse of discretion in the district court's consideration of the private interests, we find no abuse of discretion in its consideration of the public interests. This simply is not a dispute over a Teton County property, and the court and the community should not be burdened with a controversy with which the community has no connection.

[¶43] The district court reasonably concluded that the California probate court was an available and adequate alternate forum and that the private and public interests favored that forum. We therefore find no abuse of discretion in the court's dismissal on the basis of forum non conveniens.

## II.     *Denial of Request to Amend Complaint*

[¶44] Brad next contends that the district court erred when it denied his request to amend his complaint to add a claim for promissory estoppel. "We review a district court's decision on a motion for leave to amend a complaint for abuse of discretion." *Gaston v. Life Care Ctrs. of America*, 2021 WY 74, ¶ 18, 488 P.3d 929, 936 (Wyo. 2021) (quoting *Gowdy v. Cook*, 2020 WY 3, ¶ 32, 455 P.3d 1201, 1209 (Wyo. 2020)). "To establish an abuse of discretion, the appellant must show the district court could not have reasonably concluded as it did." *Gaston*, 2021 WY 74, ¶ 18, 488 P.3d at 936 (quoting *Tata Chems. Soda Ash Partners, Ltd. v. Vinson*, 2020 WY 126, ¶ 13, 473 P.3d 299, 305 (Wyo. 2020)) (cleaned up).

[¶45] The district court denied Brad's request to amend on the ground that he did not file a proper motion to amend. The court added, however, that even if a proper motion had been filed, it would have been denied because the doctrine of forum non conveniens continued to weigh in favor of dismissal. We need not address the court's first ground, because we agree with the second.

12

[¶46] Whether Brad presented his claim as one for breach of contract or one for promissory estoppel, the parties, witnesses, and evidence would remain the same, and they were all located outside Wyoming. Likewise, the underlying dispute would remain whether there was a promise that the MRT would sell to the BRT its interest in COE and the Crossing Elk entities. As in the case of Brad's breach of contract claim, the dispute would not be over the ESF property, and it would have no connection to the Wyoming forum. We therefore find no abuse of discretion in the district court's denial of Brad's request to amend his complaint.

### III.    *Expungement of the Lis Pendens*

[¶47] Brad's sole argument concerning the district court's expungement of the lis pendens is that the court erred in dismissing his complaint and it therefore also erred in expunging the lis pendens. The court properly dismissed Brad's complaint on the basis of forum non conveniens, and there is no pending litigation. The court therefore properly ordered the lis pendens expunged. *See Pater v. City of Casper*, 646 F.3d 1290, 1296 n.1 (10th Cir. 2011) (discussing the recording of a lis pendens under Wyoming statutes and observing that "[i]f the plaintiff does not prevail in his suit, the notice is removed."); *Wyo. Bank & Tr. v. Haught*, 2003 WY 111, ¶ 13, 76 P.3d 301, 307 (Wyo. 2003) ("The notice is for the purpose of preserving rights pending litigations.") (quoting Black's Law Dictionary 947 (7th ed. 1999)).

[¶48]  Affirmed.